STATE OF NEW JERSEY, APPELLANT, v. PETER J. RODGERS, RESPONDENT.

Argued June 25, 1917—Decided November 19, 1917.

1. The legislature has power to provide for the punishment of an offense which is disorderly conduct merely and not an offense indictable at common law, by summary proceedings without indictment and trial by jury.

2. The thing prohibited by the supplement of 1913 to the Disorderly Persons act (*Pamph. L.* 1913, *p.* 103), namely, driving an automobile or other vehicle upon a public street while under the influence of intoxicating liquor, is not a public or common nuisance indictable at common law.

3. A public or common nuisance is any act or neglect the product of which works an annoyance or injury to the entire community. Inconvenience or annoyance to the public is an essential element without which there is no public or common nuisance.

4. The statutory offense of driving an automobile upon a public street while under the influence of intoxicating liquor differs from a public or common nuisance in this: the former offense is complete when the thing prohibited by the statute (*Pamph. L.* 1913, *p.* 103) has been done, whether with or without inconvenience or annoyance to the public, whilst the latter offense is not committed unless and until there is an inconvenience or annoyance to the public.

5. It is not essential to the existence of the offense prohibited by the suplement of 1913 to the Disorderly Persons act (*Pamph. L.* 1913, *p.* 103) that the driver of the automobile should be so intoxicated that he cannot *safely* drive a car. The expression, "under the influence of intoxicating liquors," covers not only all well-known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquors and which tends to deprive him of that clearness of intellect and control of himself which he would otherwise possess.

6. The evidence admitted upon the trial of a proceeding under the supplement of 1913 to the Disorderly Persons act (*Pamph. L.* 1913, *p.* 103) cannot change the character of the offense charged from mere disorderly conduct to a public or common nuisance. The character of the offense is determined, not by the evidence which may be legally *admissible* under the complaint, but by the charge and the evidence which is *requisite to sustain* the charge.

7. The question of the jurisdiction of the recorder's court over the subject-matter of a case depends, not upon the evidence produced, but upon the offense with which the defendant is charged.

8. It is competent for the prosecuting power to make a complaint charging the defendant with being a disorderly person under *Pamph. L.* 1913, *p.* 103, although the offense charged may have been an ingredient in the greater offense of public or common nuisance, and the defendant cannot be heard to complain of his conviction of the lesser offense when the evidence showed that he was guilty of the lesser offense and also of the greater offense.

9. The supplement of April 16th, 1909, to the Crimes act (*Pamph. L.* 1909, *p.* 200), is in conflict with the supplement of 1913 to the Disorderly Persons act (*Pamph. L.* 1913, *p.* 103) in respect to the character of and punishment for the offense of driving a motor vehicle upon the public street while under the influence of intoxicating liquors, and hence the former act is repealed by the latter to the extent of such repugnancy.

On appeal from the Supreme Court, whose opinion is reported in 90 *N. J. L.* 60.

For the appellant, *Josiah Stryker* and *John W. Wescott*, attorney-general.

For the respondent, *Humphreys & Summer*.

The opinion of the court was delivered by

TRENCHARD, J. This case was a prosecution commenced in the recorder's court of the city of Paterson. The complaint charges that the defendant did operate a certain automobile over and upon a public street of that city, known as Market street, "while he, the said Peter J. Rodgers, was under the influence of intoxicating liquor, contrary to and in violation of the first section of an act of the legislature of the State of New Jersey entitled 'Supplement to an act entitled "An act concerning disorderly persons (Revision of 1898)," approved March 12th, 1913 (*Pamph. L.* 1913, *p.* 103),' and by reason thereof the said Peter J. Rodgers became a disorderly person."

The defendant was convicted in the recorder's court and sentenced to imprisonment in the county jail for thirty days. He reviewed this conviction by *certiorari*, and the Supreme Court set it aside. This reversal seems to have been based upon the ground (1) that the evidence showed that the defendant was guilty of the offense of public nuisance indict-

able at common law, and hence the recorder was without jurisdiction; and (2) that the statute of 1913 was invalid because it provided for a conviction of the offense therein described without indictment and trial by jury.

For reasons which we will now state we are of the opinion that the Supreme Court erred in setting aside the conviction.

The act under which the proceeding was had provides that "Any person or persons who shall operate an automobile or motor or any other vehicle over any public street or highway while under the influence of intoxicating liquors shall be adjudged to be a disorderly person, and upon conviction thereof shall be punished by an imprisonment of not less than thirty days and not more than six months." *Pamph. L.* 1913, *p.* 103.

No doubt the legislature has power to provide for the punishment of an offense which is disorderly conduct merely and not an offense indictable at common law, by summary proceedings without indictment and trial by jury. *State* v. *Anderson,* 40 *N. J. L.* 224; *Shivers* v. *Newton,* 45 *Id.* 469; *Carter Bros.* v. *Camden District Court,* 49 *Id.* 600; *Minard* v. *Dover, &c., Gas Co.,* 76 *Id.* 132; *State* v. *Lakewood Market Company,* 84 *Id.* 512, 523. See, also, *Bassette* v. *State,* 51 *Id.* 502, in which the Supreme Court held that the defendant was not entitled to a trial by jury under the Disorderly Persons' act. An early act of this kind was passed June 10th, 1799, and appears in the Revision of 1847, page 564. This act was revised and amplified in 1875 (*Rev.* 1877, *p.* 303), and was again revised and further extended in 1898 (2 *Comp. Stat., p.* 1926). It covers numerous minor offenses, which, from the earliest times in this state, have been punished either by fine or imprisonment, upon summary conviction before a magistrate. An examination of these offenses will show that many of them are not substantially different from the offenses described in the supplement of 1913.

We think it quite clear that the thing prohibited in the supplement of 1913, namely, the driving of an automobile or other vehicle upon a public street, while under the influence

of intoxicating liquor, is not a public or common nuisance indictable at common law.

The essential elements of the statutory offense are: (1) driving an automobile or vehicle; (2) upon a public street; and (3) while under the influence of intoxicating liquors.

The essential elements of a public or common nuisance are quite different. "A public or common nuisance is any act or neglect the product of which works an annoyance or injury to the entire community; or the product itself is termed a nuisance." 1 *Bish. Crim. L.,* § 1072. Inconvenience or annoyance to the public is an essential element without which there is no public or common nuisance. *State* v. *Godwinsville, &c., Co.,* 49 *N. J. L.* 266. And an indictment for a public nuisance must set out the manner in which this inconvenience or annoyance arises. *Morris and Essex Railroad Co.* v. *State,* 36 *Id.* 553, 555.

It will be seen, therefore, that the statutory offense of driving an automobile upon the public street while under the influence of intoxicating liquor differs from a public nuisance in this: the former offense is complete when the thing prohibited by the statute has been done, whether with or without inconvenience or annoyance to the public; whilst the latter offense is not committed unless and until there is an inconvenience or annoyance to the public.

It will be noticed that it is not essential to the existence of the statutory offense that the driver of the automobile should be so intoxicated that he cannot *safely* drive a car. The expression "under the influence of intoxicating liquor" covers not only all the well-known and easily recognized conditions and degrees of intoxication, but any abnormal mental or physical condition which is the result of indulging in any degree in intoxicating liquors and which tends to deprive him of that clearness of intellect and control of himself which he would otherwise possess. So one driving an automobile upon a public street while under the influence of intoxicating liquor offends against the Disorderly Persons' act even though he drives so slowly and so skillfully and carefully that the public is not annoyed or endangered; but such a

driver is clearly not guilty of a public nuisance. To render him guilty of a public nuisance, facts not within the definition of the offense prohibited by the act of 1913 must be shown. In other words it must appear that the public was inconvenienced or endangered by the driving. This might be shown by proof that the degree of intoxication of the driver was such as to render him incapable of *properly* driving the machine; or by proof that in fact he drove it in such a manner as to endanger those using the street.

It appears, therefore, that the offense described in the supplement of 1913 is not a public nuisance. It also appears that the complaint in the case at bar did not charge a public nuisance. It merely charged that the defendant operated his automobile upon the public street while he was under the influence of intoxicating liquor. This the Supreme Court recognized, but nevertheless looked at the evidence contained in the "conviction" in the recorder's court (and returned with the writ) in order, as it said, to determine the character of the proceeding. That evidence showed that the defendant drove his automobile, which was a large machine, upon Market street, in Paterson; that he was very much under the influence of intoxicating liquor; that the car was driven by him through the front window of a saloon and into the barroom, breaking the glass and frame-work of the window. Referring to such evidence the Supreme Court said: "We think this shows a case of public nuisance indictable at common law," and concluded that the recorder had no jurisdiction.

But we think this beside the mark. When it is conceded, as indeed it must be, that the charge in the complaint is not a charge of a common law offense, it must necessarily follow that the conviction could not be a conviction of a common law offense. The question as to what the defendant actually did, *extra* the charge in the complaint, is immaterial. He may have been guilty of the charge made in the complaint and of something else beside, which something else, either by itself, or in connection with the facts alleged in the complaint, may have made him guilty of a common law offense

in the same way that a person charged with a single illegal sale of intoxicating liquor may, in fact, have been guilty of such numerous and habitual sales as to have made him guilty of keeping a disorderly house. If a charge in a complaint is that of making a single illegal sale of intoxicating liquor, there could by no possibility be a conviction thereunder of the offense of keeping a disorderly house, no matter what the evidence showed. The evidence in the case at bar admitted under the complaint, could not change the character of the offense charged from mere disorderly conduct to public nuisance. The character of the offense is determined, not by the evidence which may be legally *admissible* under the complaint, but by the charge and the evidence which is *required to sustain* the charge.

In the case at bar the charge would have been sustained by proof that the defendant drove an automobile on Market street, while under the influence of intoxicating liquor, without detailed specifications as to the kind of automobile. The evidence as to the manner of his driving, as to the result of his driving, as to the extent of his intoxication, was all admissible, as cumulative evidence of the charge made. It was not, however, essential evidence for the purpose of sustaining the charge.

The question of the jurisdiction of the recorder's court over the subject-matter of the case depends not upon the evidence produced, but upon the offense with which the defendant is charged. This is the doctrine of *State* v. *Anderson*, 40 *N. J. L.* 224. It is also the doctrine of *Geiger* v. *Recorder*, 96 *Atl. Rep.* 1006. In the latter case the files show that the complaint charged that Geiger "did interfere with said complainant who was lawfully upon said Coit street and *did beat said complainant upon the face and body.*" The action of the Supreme Court was based upon the fact that *the complaint* showed the common law offense of assault and battery. See, also, *State* v. *Gratz*, 86 *N. J. L.* 483.

The opinion of the Supreme Court in the case at bar seems to announce the novel rule that under this statute a court cannot determine by an inspection of the complaint

whether or not it has jurisdiction of a cause; that on the papers in the case jurisdiction may appear, but that when the evidence is in, the magistrate's duty is not confined to the determination of the question as to whether or not the evidence shows the defendant to be guilty of the offense charged, but he must also decide the more difficult question as to whether or not the evidence, in addition to showing the defendant guilty of the offense charged, shows him to be guilty of some other offense, viz., that of a public nuisance at common law. Under this theory the magistrate, after having heard the case, of which, as appears from the complaint and warrant, he has jurisdiction, and after having found as a fact that the defendant did the things which the complaint charges him with doing, must dismiss the complaint if he finds that in addition to doing the things charged in the complaint the defendant did other things not charged or referred to in the complaint, but which make him guilty of a public nuisance. We think such is not the law.

We also think that it was competent for the prosecuting power to make the complaint charging the defendant with being a disorderly person, although the offense charged may have been an ingredient in the greater offense of public nuisance, and the defendant cannot be heard to complain of his conviction of the lesser offense when the evidence showed him to be guilty of the lesser and also of the greater offense.

The question whether or not that conviction would operate to bar a subsequent prosecution for public nuisance we are not now called upon to decide.

Lastly, the defendant says that the supplement of 1913 to the Disorderly Persons' act under which he was convicted "conflicts with, but does not repeal" the provisions of the supplement of April 16th, 1909, to the Crimes act (*Pamph. L.* 1909, *p.* 200), whereby, among other things, it was made a misdemeanor to "drive a motor vehicle while in an intoxicated condition," and he therefore contends that, if guilty of any offense, he was guilty of a misdemeanor under the Crimes act.

But we think such contention not well founded. We agree that the supplement of 1909 to the Crimes act is in conflict with the supplement of 1913 to the Disorderly Persons' act in respect to the character of and punishment for the offense of driving a motor vehicle upon the public street while under the influence of intoxicating liquors, and, since the latter act provides in section 2 that "all acts and parts of acts inconsistent herewith are hereby repealed," we think it quite clear that the latter act repealed the former to the extent of such repugnancy. But the defendant argued that such action was unwise and hence the legislature did not intend to accomplish such result. It may or it may not have been unwise legislation, but it certainly is not unlawful legislation. No doubt the legislature wished to provide for punishment for those who drove motor vehicles upon the public streets while under the influence of intoxicating liquors without the delay necessarily incident to indictment and trial by jury. To accomplish that or some other purpose it made such conduct disorderly by the statute of 1913. It may or may not have been indiscreet in the legislature to vest such power in magistrates, but certainly we cannot say that it did not intend to do a thing which it plainly said it did intend to do.

The judgment of the Supreme Court will be reversed and the record remitted to that court to the end that the judgment of the recorder's court be affirmed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, JJ. 9.