PUBLIC SERVICE ELECTRIC AND GAS COMPANY, PROSE-
CUTOR, v. EDWARD H. LEDDY, RECORDER, ETC., ET
AL., DEFENDANTS.

Submitted October 16, 1931—Decided March 2, 1932.

Before Justices TRENCHARD, DALY and DONGES.

For the prosecutor, *William H. Speer.*

For the defendants, *Frank Pascarella.*

PER CURIAM.

This writ brings up a judgment of the recorder of the
borough of Westwood finding the prosecutor guilty of a vio-
lation of an ordinance of the board of health of said borough.
The ordinance requires certain methods of procedure pre-
liminary to the installation of plumbing in houses. The
prosecutor installed water heaters without complying with
the ordinance. An affirmation or oath was filed and sum-
mons issued. After a trial the recorder reserved judgment.
Subsequently he filed an opinion and found prosecutor guilty.

At the trial a motion was made to dismiss on the ground
that the oath was insufficient in that it merely alleged a vio-
lation of the code and did not set forth the facts which show
the violation. The motion was denied, and the trial pro-
ceeded, during which the prosecutor offered no witnesses, but
did by its counsel cross-examine a witness of the complainant.
In his filed opinion, the recorder stated that he had arrived
at the conclusion that he should have dismissed the complaint
because of the insufficiency of the oath, but that prosecutor

had waived this defect by participating in the trial on the merits.

It is now urged by prosecutor that the defect in the complaint was one which went to the jurisdiction of the court below over the subject-matter and could not, therefore, be waived. Defendants admit that the complaint was defective, but contend that the question is not a jurisdictional one. The position taken by the prosecutor seems to be the sound one. In *White* v. *Neptune City*, 56 *N. J. L.* 222, it was said:

"Under the statute with which we are now dealing" (an act respecting licenses in boroughs which has been held by this court to be similar with respect to the procedure required to the Health act under which the instant proceedings are had), "jurisdiction over the subject-matter depends upon the filing with the justice of a complaint on oath or affirmation that a designated person has violated a certain section of an ordinance passed under authority of the act; and jurisdiction of the person is obtained by issuing and serving on such person a summons which states what section of the ordinance has been violated."

In *State* v. *Rodgers*, 102 *Atl. Rep.* 433, Mr. Justice Trenchard, speaking for the Court of Errors and Appeals in a case involving a conviction for drunken driving, said:

"The question of the jurisdiction of the recorder's court over the subject-matter of the case depends not upon the evidence produced, but upon the offense with which the defendant is charged."

That case, of course, was a criminal one, but the instant case is a civil suit to recover a penalty.

In a proceeding of this kind, it being highly penal, a proper complaint is necessary to give the recorder jurisdiction over the subject-matter. Ordinarily jurisdiction over the subject-matter is granted by the constitution or by statute, but there are cases where other requirements must be fulfilled before jurisdiction is acquired, such as the filing of a proper bond in an election recount before the Circuit Court. *Kuestner* v. *Boscarell*, 136 *Atl. Rep.* 506.

The judgment is reversed, but without costs to either party.