127 N.J. Super. 306 (1974)
317 A.2d 379
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOSEPH SATKIN, HENRY PITTS AND JOYCE SMITH, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 12, 1974.
Decided March 21, 1974.
*307 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. John P. Goceljak, Assistant Prosecutor, argued the cause for appellant (Mr. Joseph D.J. Gourley, Passaic County Prosecutor, attorney).
Mr. Richard J. Manfre argued the cause for respondent Satkin; Mr. Vincent Hull, Jr. argued the cause for respondent Smith; Mr. Miles Feinstein, attorney for respondent Pitts (Messrs. Richard J. Manfre, Miles Feinstein and Vincent Hull, Jr., on the brief).
*308 PER CURIAM.
The State in this interlocutory appeal seeks the reversal of an order compelling it to disclose to defendant certain information prior to trial.
Defendants were indicted for arson, conspiracy to commit arson, and four counts of murder. The indictment for conspiracy is based on the charge that defendants conspired with Dennis Priester to burn certain dwelling houses not owned by them. The fires were started by Dennis Priester, and during the course of the burning, four persons inside the buildings were killed. Their deaths form the basis for the charges of murder.
While Dennis Priester gave a statement to the Prosecutor admitting he started the fires, gave inculpatory testimony before the Grand Jury, and is named as a coconspirator, he has not been indicted.
In the course of discovery, George Priester was named by the State as a person with knowledge of relevant information who might be called as a State witness.
After hearing defendants' motion for additional discovery, the court ordered the State to reveal to defendants whether or not Dennis Priester and George Priester had "* * * been granted testimonial immunity with regard to any statements or proposed testimony regarding the above-entitled indictments, or in the alternative, whether or not the Prosecutor has entered into plea bargaining negotiations with said material witness * * * for cooperating with the State and testifying for the State, and if so, what agreement has been made as a result of same * * *." The State's motion for leave to appeal that order was granted.
Thereafter on October 3, 1973 (one week prior to a peremptory trial date) defendants moved for additional discovery, and the court ordered the Prosecutor's Office to turn over to defendants "copies of any and all vouchers, checks and records regarding the disbursement of monies to Dennis Priester by the Passaic County Prosecutor's Office while the said Dennis Priester was in protective custody * * *."
*309 The State again sought leave to appeal that order; leave was granted, and the two interlocutory appeals were consolidated.
While the State concedes that the information sought by defendants and ordered by the court would have to be furnished to defendants at the time of trial, it contends it was error to compel the disclosure prior to trial, arguing (a) there is no rule specifically compelling disclosure of the information and (b) to do so would impede and interfere with the Prosecutor's preparation of the case for trial. It is further contended that the order respecting disclosure of monies paid to Dennis Priester imposes an undue burden on the Prosecutor's Office and compels it to provide, on a daily or weekly basis, information of expenditures made to maintain the material witness.
The scope of permissible discovery in criminal cases has been drastically extended by both Rules of Court and recent, reported decisions. We now subscribe to extremely broad, automatic and bilateral disclosure prior to trial. R. 3:13-3. State v. Montague, 55 N.J. 387, 395 (1970).
The philosophy underlying this discovery is that "the interests of truth and justice are best served by broad mutual discovery before trial." State v. Cook, 43 N.J. 560, 563 (1965).
It is within this framework that we approach any question concerning discovery.
It is clear even without the concession by the State that at the time of trial the prosecution is under a duty to reveal the existence of a promise or agreement of immunity or a recommendation of leniency made to a material witness or accomplice who may be incriminated in the offense with defendants, although not himself indicted. State v. Taylor, 49 N.J. 440, 448 (1967).
The prosecution here resists disclosure of any agreement of immunity or promise of leniency on the grounds that the letter of the Rule (R. 3:13-3) does not provide for it and, *310 further, that such agreement or promise constitutes work product and is exempt from discovery under R. 3:13-3(c). Moreover, the prosecution argues that if negotiations are actually in process, the delicate balance naturally involved in the negotiations may be impaired by an early disclosure.
The fact that a particular disclosure is not specifically mentioned in the Rules should not prevent a judge in an appropriate case from granting relief to defendant and compelling disclosure to be made. State v. Cook, supra.
We do not equate a promise of leniency or agreement of testimonial immunity with the Prosecutor's work product and, accordingly, such disclosure is not prohibited by R. 3:13-3(c).
It is readily understandable that disclosure of negotiations with a material witness for testimonial immunity while in process may, on occasion, prejudice the prosecution. However, we perceive no such issue involved here. The witness Dennis Priester gave inculpatory testimony before the Grand Jury and was not indicted. The case has already been given a peremptory trial listing. Under the circumstances we see no prejudice to the prosecution, and he refers us to none. The order of the trial judge directing the disclosure of any agreements respecting testimonial immunity or plea bargaining negotiations with either Dennis Priester or George Priester is affirmed.

* * *
The State resists disclosure of the amount of monies paid to the material witness Dennis Priester and contends the only use defendant can make of such evidence is to attack the credibility of the witness and that disclosure of this information at the time of trial is all that is required to afford defendant sufficient protection. The State further argues that the requirement of keeping the information current imposes upon the Prosecutor's Office an undue burden.
While these arguments may have validity in some instances, they are inappropriate here. It is significant that *311 defendant made the application for this information one week prior to the peremptory trial date so that no undue burden is imposed upon the Office of the Prosecutor. Moreover, the record contains information from which substantial payments to or for the material witness are reflected. Defendants are entitled to full information on this issue to permit them to make an investigation and determine whether the payments to the material witness go beyond the reasonable needs of his maintenance. This may have a vital bearing on the ability of defendants to attack the credibility of the witness.
The orders of the trial judge compelling the disclosures are affirmed.