STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOSEPH SALUP, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued February 4, 1974—Decided May 6, 1974.

Before Judges HANDLER, MEANOR and KOLE.

*Mr. E. John Wherry, Jr.* argued the cause for appellant.

*Mr. Neil H. Shuster,* Special Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. George F. Kugler, Jr.,* former Attorney General of New Jersey).

PER CURIAM. Defendant's conviction and resulting $21 fine in the municipal court for speeding (71 m.p.h. in a 50 m.p.h. zone) were appealed to the County Court. He had been clocked by a VASCAR device, the results of which were admitted in evidence without expert testimony as to its reliability in measuring speed.

The only issue before the County Court, according to stipulation of counsel, was whether, after hearing expert evidence, that court would conclude that VASCAR was a sufficiently accurate scientific speed measuring device to justify admitting in evidence the results of its operation and their consideration by the municipal court in determining

guilt. The qualifications of the police operator of the mechanism and its proper functioning at the time in issue were agreed upon by counsel.

Such a hearing was held before the County Court. The State presented as its only witness Henry Bergson, regional manager of Federal Sign and Signal Co., the producer of VASCAR equipment. He was subjected to extensive cross-examination by defense counsel. Defendant produced no witnesses in opposition. The County Court found Bergson qualified as an expert and held that it was "convinced, at least persuaded, of the scientific accuracy of VASCAR" and "that it is of such a nature that it could be used for the purpose for which it's sold to the police department." The conviction and fine were thus sustained.

We are satisfied that the evidence below supports the court's determination as to reliability of VASCAR in this case and its consequent finding of guilt beyond a reasonable doubt. The conviction and fine, accordingly, are affirmed. *State v. Dantonio,* 18 *N. J.* 570, 575 (1955) ; *State v. Johnson,* 42 *N. J.* 146, 162 (1964).

The court below further ruled that it would take judicial notice of the scientific accuracy of VASCAR in future cases, thus obviating the necessity for expert proofs with respect thereto. The State urges us to subscribe to that view. For the reasons already set forth the evidence in this case is sufficient to sustain the conviction. We note on this issue raised by the State, however, that *State v. Finkle,* 128 *N. J. Super.* 199, decided simultaneously herewith, holds that such judicial notice should be taken.

Affirmed.