150 N.J. Super. 148 (1976)
375 A.2d 268
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
JOHN J. SMITHSON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted October 18, 1976.
Decided November 10, 1976.
*149 Before Judges CARTON, KOLE and LARNER.
Mr. William F. Hyland, Attorney General, attorney for appellant (Mr. Gregory C. Schultz, Deputy Attorney General, on the brief).
No appearance for respondent.
PER CURIAM.
Pursuant to leave granted, the State appeals from an interlocutory order by the judge of the South Brunswick Township Municipal Court who directed that a State's witness submit to a physical examination. Defendant has filed no brief in opposition.
Defendant was charged with speeding. The State's case was based upon the testimony of Trooper Toth, who saw defendant's automobile while in his own vehicle at the side of the road. He testified as to the excessive speed from a reading of a VASCAR device in his vehicle. The witness was certified as a VASCAR operator and described his testing of the accuracy of the equipment by a process of calibration.
After noting defendant's speed on the VASCAR the trooper pursued defendant's vehicle and, while retaining a constant distance behind him, observed a speedometer reading of 70 miles an hour in a 55-mile zone. A certificate of the accuracy of his speedometer was also introduced in evidence.
Defendant produced Dr. Glueck as an expert witness on VASCAR and, after much colloquy as to his qualifications, the judge permitted him to testify in a limited area. Counsel for defendant interposed requests to interrupt the trial by engaging in discovery relating to the inspection of the VASCAR equipment and the physical examination of the trooper. The judge denied the application for inspection but granted an order compelling the trooper to undergo a medical *150 examination "to determine his perceptual ability and reaction time." The propriety of that order is before us for review.
We need spend little time in discussing the admissibility of the VASCAR reading. It has been settled in this State that the court can take judicial notice of the reliability and accuracy of the VASCAR reading, subject to the development at trial of facts relating to the weight of the evidence because of any defects in the instrument or the qualifications, physical or mental capacities of the operator. State v. Finkle, 128 N.J. Super. 199 (App. Div.), aff'd 66 N.J. 139 (1974), cert. den. 423 U.S. 836, 96 S.Ct. 61, 46 L.Ed.2d 54 (1975); State v. Salup, 128 N.J. Super. 209 (App. Div.), certif. den. 65 N.J. 571 (1974).
However, the right to attack at trial the qualifications and capacity of the operator does not warrant an order in the midst of trial to compel him to undergo a medical examination for that purpose. In fact, there was nothing before the trial judge to establish a prima facie justification for such an examination.
Furthermore, such an order is not consonant with the summary nature of the trial of a traffic offense. Procedural diversions of that type would tend to produce chaos in the prosecution of speed violators in the municipal courts.
Even in the analogous area of pretrial discovery the court rules, as they presently exist, do not permit any type of discovery in cases involving traffic violations. Municipal court discovery is narrowly limited to "criminal actions" only. See R. 7:4-2(g); R. 7:1; see also separate treatment of traffic offenses in R. 7:6.
The court's order constitutes a mistaken exercise of discretion. The order is therefore set aside and the matter remanded for final determination on the merits.