STATE of Utah, Plaintiff and Respondent,

v.

Jay Brent NUTTALL, Defendant and Appellant.

STATE of Utah, Plaintiff and Respondent,

v.

Boyd Dean COX, Defendant and Appellant.

Nos. 16506, 16517.

Supreme Court of Utah.

May 9, 1980.

Thomas H. Means, Provo, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Bruce M. Hale, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

The defendants, Jay Brent Nuttall and Boyd Dean Cox, appeal their convictions for driving under the influence of alcohol. We affirm. All statutory references are to Utah Code Annotated, 1953, as amended.

The defendants were initially tried in separate circuit court proceedings before four-member juries.[1] These juries returned guilty verdicts which were upheld by the District Courts. On appeal the defendants contend recent decisions of the United States Supreme Court requiring six-mem-

ber juries in criminal prosecutions render the four-member panels unconstitutional.[2] The defendants therefore allege the use of the four-member panel in the present case represents a denial of their right to a jury trial. We do not agree.

The defendants were convicted of driving under the influence of alcohol in violation of 41-6-44, which provides in pertinent parts:

"(a) It is unlawful and punishable as provided in subsection (d) of this section for any person who is under the influence of alcohol, or who is under the influence of any drug or combined influence of alcohol and any drug to a degree which renders the person incapable of safely driving a vehicle, to drive or be in actual physical control of any vehicle within the state. . . ."

\* \* \* \* \* \*

"(d) Every person who is convicted of a violation of this section shall be punished by imprisonment for not less than thirty days nor more than 6 months, or by a fine of not less than $100 nor more than $299, or by both such fine and imprisonment; provided that in the event such person shall have inflicted a bodily injury upon another as a proximate result of having operated said vehicle in a reckless or negligent manner or with a wanton or reckless disregard of human life or safety, he shall be punished by imprisonment in the county jail for not more than one year, and, in the discretion of the court, by a fine of not more than $1,000."

From the sparse record presented on appeal,[3] we can glean the fact the convictions in the present case were for driving under the influence of alcohol which is a Class "B"

---

1. Article 1, Section 10, Utah Constitution, provides: "In capital cases the right to trial by jury shall remain inviolate. In courts of general jurisdiction, except in capital cases, a jury shall consist of eight jurors. In courts of inferior jurisdiction a jury shall consist of four jurors. In criminal cases the verdict shall be unanimous. . . . "

2. See *Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979); *Ballew v. Georgia*, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978).

3. The defendants' failure to include the trial record or any other evidence of the lower court proceedings is inexcusable and has presented a substantial barrier to the effective resolution of the present problem.

Misdemeanor carrying the above-described penalty of six-months in jail or a $299 fine, or both. Because of the character of the present offense and the penalty imposed, we believe the recent decisions of the United States Supreme Court concerning the size of the jury panel are inapplicable and, therefore, the present state proceedings did not infringe on any federally protected right to a jury trial.

In *Duncan v. Louisiana*,[4] the Supreme Court held the Fourteenth Amendment guarantees a right of jury trial in all criminal cases which—were they to be tried in a federal court—would come within the Sixth Amendment's guarantee. The Court based its decision on the premise that jury trials in non-petty criminal cases were fundamental to the American scheme of justice and thus protected by the Due Process Clause of the Fourteenth Amendment. In reaching its decision the Court explicitly recognized the existence of a category of offenses which are not subject to the Fourteenth Amendment jury trial requirements.[5]

In determining if an offense falls within this latter category the Court has looked to objective indications of the degree of seriousness with which society regards the offense.[6] The most relevant indication and the one which the Supreme Court has emphasized in delineating the dividing line between "petty" and "serious" offenses is the severity of the penalty authorized for the punishment of the offense.[7]

Specifically, in *Baldwin v. New York*,[8] the Supreme Court was faced with the "essential if not wholly satisfactory [task], . . . of determining the line between 'petty' and 'serious' for purposes of the Sixth Amendment right to jury trial."[9] In rejecting a proposed demarcation reflecting the "felony-misdemeanor" distinction, the Court explained:

"Indeed we long ago declared that the Sixth Amendment right to jury trial 'is not to be construed as relating only to felonies, or offenses punishable by confinement in the penitentiary. It embraces as well some classes of misdemeanors, the punishment of which involves or may involve the deprivation of the liberty of the citizen.' "[10]

Yet, while recognizing the applicability of the federally protected right to some misdemeanors, the Court, following *Duncan* and the federal practice,[11] denominated offenses which carry a possible sentence of more than six-months imprisonment as serious and subject to the federally protected right to a jury trial.[12]

---

4. *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

5. Id. at 159, 88 S.Ct. at 1452, see also *District of Columbia v. Clawans*, 300 U.S. 617, 57 S.Ct. 660, 81 L.Ed. 843 (1937) see also *Callan v. Wilson*, 127 U.S. 540, 8 S.Ct. 1301, 32 L.Ed. 223 (1888); Frankfurter & Corcoran, Petty Federal Offenses and the Constitutional Guaranty of Trial By Jury, 39 Harv.L.Rev. 917 (1926); But see Kaye, Petty Offenders Have No Peers! 26 U.Chi.L.Rev. 245 (1959).

6. See *District of Columbia v. Clawans*, supra note 5, 127 U.S. at 628, 57 S.Ct. at 663. ["Doubts must be resolved, not subjectively by recourse of the judge to his own sympathy and emotions, but by objective standards such as may be observed in the laws and practices of the community taken as a gauge of its social and ethical judgments."]

7. *Frank v. United States*, 395 U.S. 147, 148, 89 S.Ct. 1503, 1504, 23 L.Ed.2d 162 (1969); see also *Duncan v. Louisiana*, supra note 4, 391 U.S. at 159, 88 S.Ct. at 1452.

8. *Baldwin v. New York*, 399 U.S. 66, 90 S.Ct. 1886, 26 L.Ed.2d 437 (1970).

9. Id. at 68, 90 S.Ct. at 1888.

10. Id. at 70, 90 S.Ct. at 1888. (Quoting from *Callan v. Wilson*, supra note 5, 127 U.S. at 549, 8 S.Ct. at 1303.)

11. 18 U.S.C., Section 1 defines "petty offenses" as those punishable by no more than six-months in prison and a $500 fine.

12. In *Codispoti v. Pennsylvania*, 418 U.S. 506, 94 S.Ct. 2687, 41 L.Ed.2d 912 (1974), Justice White explained, " . . . our decisions have established a fixed dividing line between petty and serious offenses: those crimes carrying a sentence more than six months are serious crimes and those carrying a sentence of six-months or less are petty crimes." (at 512, 94 S.Ct. at 2691.) Cf. *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979).

By excluding misdemeanor convictions which carry a maximum possible imprisonment of six-months, from the reach of the federally protected right, the Court has implicitly qualified the scope of its later cases concerning jury size.[13]

Since the present conviction falls within this category, i. e., a misdemeanor offense with maximum possible imprisonment of six-months, the defendants have no federally protected right to a jury trial and, therefore, can claim no right to a six-member panel.[14] Because the defendants were granted the full panoply of rights secured by state law including "a speedy trial by an impartial jury," [15] their convictions must be upheld.[16]

WILKINS, HALL and STEWART, JJ., concur.

CROCKETT, Chief Justice (concurring in result):

I agree with the affirmance of the convictions because the defendants have had their entitlement, assured by Article I, Section 12 of our Utah Constitution, of a trial by jury under the same prescription for a jury as has existed in Article I, Section 10 since statehood.

---

13. See *Ballew v. Georgia*, supra note 2, 435 U.S. at 229, 98 S.Ct. at 1033. ["The right (to a jury trial) attaches in the present case because the maximum penalty for violating Sec. 26–2101, as it existed at the time of the alleged offenses, exceeded six-months imprisonment"]; see also *Burch v. Louisiana*, supra note 2, 441 U.S. at 136, 137, 99 S.Ct. at 1627. ["While readily admitting that the line between six members and five was not altogether easy to justify at least five Members of the Court believed (in *Baldwin* ) that reducing the jury to five persons in *nonpetty* cases raised sufficiently substantial doubts as to the fairness of the proceeding and proper functioning of the jury to warrant drawing the line at six." (Emphasis added)].

14. Cf. *District of Columbia v. Colts*, 282 U.S. 63, 51 S.Ct. 52, 75 L.Ed. 177 (1930). In *Colts* the Supreme Court concluded a driving infraction to be of such a nature as to require a jury trial. However, in *Colts* the offense charged was not the "slight offense of exceeding the twenty-two mile limit of speed, subdivision (a), or merely [with] driving recklessly, subdivision (b)(1); but [with] the grave offense of having driven at the forbidden rate of speed and recklessly, 'so as to endanger property and individuals' " at 72, 51 S.Ct. at 53. The Court distinguished this offense from that considered in *State v. Rodgers*, 91 N.J.L. 212 (1917). In endorsing the delineation between petty and serious traffic violations discussed in *Rodgers*, the Court concluded the reckless driving then un-

der consideration to fall within the category related historically to public nuisance and not public disorders. The present offense, i. e., driving under the influence of alcohol, was considered by the *Rodgers* Court as falling within the latter category and thus distinguishable from the infraction involved in *Colts*; see *Hamilton v. Walker*, 65 N.M. 470, 340 P.2d 407, 409 (1959); see also *District of Columbia v. Clawans*, supra note 5, 300 U.S. at 625, 57 S.Ct. at 662; see also *State v. Roth*, 154 N.J.Super. 363, 381 A.2d 406 (1977); *State v. Amick*, 173 Neb. 770, 114 N.W.2d 893 (1962).

15. Article I, Section 12, Utah Constitution, provides: "In criminal prosecutions the accused shall have the right to appear and defend in person and by counsel, to demand the nature and cause of the accusation against him, to have a copy thereof, to testify in his own behalf, to be confronted by the witnesses against him, to have compulsory process to compel the attendance of witnesses in his own behalf, to have a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed, and the right to appeal on all cases. . . . "

16. We express no opinion concerning second offenses of driving under the influence of alcohol or the reckless or negligent operation of a vehicle while under the influence of alcohol. See 41–6–44(d) and (e).