STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. JAY ROBERT RASCH, TERRI RASCH AND ANTHONY BUCCI, DEFENDANTS-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued October 9, 1984—Decided November 21, 1984.

Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.

*Steven M. Janosko,* Assistant Atlantic County Prosecutor, argued the cause for appellant (*Joseph A. Fusco,* Atlantic County Prosecutor, attorney; *Steven M. Janosko,* on the brief).

*Edwin J. Jacobs* argued the cause for respondent Jay Robert Rasch (*Kenneth M. Dubrow,* on the brief).

*Kenneth M. Dubrow* argued the cause for respondent Terri Rasch.

*Ralph Hill, III,* argued the cause for respondent Anthony Bucci (*Kenneth M. Dubrow,* on the brief).

The opinion of the court was delivered by

O'BRIEN, J.A.D.

Pursuant to leave granted, the State appeals from an interlocutory order of the trial judge which requires police officers to

submit their olfactory senses to examination and to participate in an experiment (or series of experiments) to test their olfactory senses. We reverse.

The home of defendants Jay Robert and Terri Rasch (Rasch) had been under surveillance as a site of a suspected drug operation. On January 27, 1984, police officers followed a vehicle which they observed leave the driveway of the Rasch residence. Noting that it was exceeding the posted speed limit and weaving across the center line, they stopped the vehicle. The car was driven by its owner, defendant Anthony Bucci (Bucci), and was occupied by a passenger, Charlotte A. Hart (Hart).

Allegedly one of the officers smelled a strong odor of marijuana coming from the interior of the vehicle. The driver was asked to step out of the vehicle and was searched. A clear plastic bag containing a small quantity of marijuana and a small vial containing a white residue were found in his right hand. Bucci was placed under arrest for possession of controlled dangerous substances.

A search of the car's interior revealed another vial containing a white powder residue and the remains of burned marijuana cigarettes in the ashtray. There was still a strong odor of unburned marijuana coming from the interior of the car. The passenger Hart who, according to the police report, "now had permission to drive the vehicle and who does drive the vehicle on a daily basis," consented to a search of the trunk of the vehicle. Allegedly she had been advised that she had the right to refuse but she denies that. A green plastic trash bag containing five one-pound bags of marijuana was found in the trunk. Hart was then also placed under arrest.

After being advised of their *Miranda* rights, both Hart and Bucci gave statements to the police. Bucci told the police officers that the marijuana had been purchased at the Rasch residence for $650 a pound. Based upon the statements from Bucci and Hart, a warrant was obtained for the search of the

Rasch home. As a result of that search, drugs, drug paraphernalia and explosive devices were found on the premises.

The Raschs were indicted for possession of a variety of destructive devices, failure to report possession of explosives, possession of and possession with intent to distribute a variety of controlled dangerous substances and possession of a prohibited weapon. Bucci and Hart were indicted for possession of and possession with intent to distribute controlled dangerous substances. All proceedings relating to Hart were adjourned upon her entry into the pretrial intervention program.

The Raschs and Bucci filed motions to suppress the evidence seized. They also moved for a form of discovery which led to entry of the order under review. That order provides:

> ... that defense counsel and/or its expert witness representatives shall have leave to inspect, review, test, examine and/or analyze the following:
>
> (a) Mr. Bucci's motor vehicle;
> (b) All marijuana seized from Mr. Bucci's vehicle and/or Mr. Bucci's person;
> (c) The packaging in which the marijuana described in paragraph (b) was discovered;
> (d) the police officers who claimed to have detected the odor of marijuana, whose reports documenting same are contained in Exhibits "B" and "C" attached to the motion dated May 3, 1984.
>
> IT IS FURTHER ORDERED that all necessary arrangements for such inspection shall be made, and such inspection completed prior to Monday, June 25, 1984, upon which date defendants' Motions to Suppress shall be heard.

This appeal is limited to that portion of the order relating to the police officers. The other items have been made available to defendants.

It is conceded by defendants that they were obliged to provide a sufficient factual basis to justify their request for additional discovery. The only support submitted by defendants for this unusual application was the affidavit of one David A. Marshall, Ph.D., who describes himself as "a research scientist trained specifically in the field of olfactory physiology and psycho-physical sensory evaluation of both taste and smell." After he reviewed the police reports and search warrant documents, Dr. Marshall was asked to "evaluate and explain the circumstances and conditions surrounding the perceptions, abili-

ties and judgments of the police officers concerning their capability to detect the odor of marijuana in or about Mr. Bucci's motor vehicle." Dr. Marshall then said:

> Based solely upon my review of Exhibits "B" (police reports) and "C" (search warrant affidavits) and my discussions with counsel, my immediate impression in light of my training and experience is that the officers' ability to detect the odor of marijuana as claimed is questionable.

Dr. Marshall then pointed out that in order to provide an accurate expert opinion with reasonable certainty it was necessary that he be able to review, test and examine many factors among which are "the police officers who claimed to have detected the odor of marijuana...." At oral argument the review, test and examination of the police officers was explained to us as requiring the police officers to submit to olfactory examinations and to participate in a series of tests based upon a reconstruction of the scene and events of the night in question. The officers would be required to state whether they smelled marijuana during the various tests, in some of which marijuana would be present and in others it would not.

The trial judge entered the order under review after very brief oral argument and without stating any factual basis for its entry. At oral argument, defense counsel noted that in addition to having briefed the subject, "we have explored it with the court in chambers." If that exploration was on the record, we have not been provided with a transcript of it.

For purposes of this appeal, we have accepted the expertise of Dr. Marshall and the general power of the court to order discovery beyond those items listed in *R.* 3:13–3(a). *See State v. Satkin,* 127 *N.J.Super.* 306 (App.Div.1974) (information about the State's material witness); *State In Interest of W.C.,* 85 *N.J.* 218 (1981) (pretrial lineup), and *State v. Butler,* 27 *N.J.* 560 (1958) (requiring psychiatric examination of State's witness). The question is whether or not, under the circumstances presented here, a sufficient basis has been presented to justify entry of an order requiring the police officers to submit to

olfactory examinations and to require their participation in experiments or tests. We conclude that it has not.

There are no New Jersey cases precisely on point. The State's reference to *State v. Smithson,* 150 *N.J.Super.* 148 (App.Div.1976), as containing logic which should govern this court in this matter is misplaced. That case involved an order by a municipal court judge in the middle of the trial of a defendant for speeding, which was detected by VASCAR, to require the trooper, who operated the equipment, "to undergo a medical examination to determine his perceptual ability and reaction time." In that case we made a distinction between discovery in traffic violations and criminal actions in municipal court and concluded that the order under review was a mistaken exercise of discretion. There is no logic in that opinion which is of assistance in the determination of this case.

While it may be appropriate under certain circumstances to order physical or mental examinations of proposed State witnesses, we conclude that it was not appropriate in this case. The order under review was made by the trial judge after considering the opinion of the expert that the officers' ability to smell marijuana was questionable. Additional material was submitted to us pursuant to an order permitting expansion of the record. This material indicates that the expert conducted a preliminary experiment where allegedly a test odor placed in the trunk of a vehicle could not be detected in the passenger compartment. Bucci and Hart submitted affidavits which alleged that on the night in question they could not smell marijuana nor did the police officers indicate that they could smell marijuana. In our view, the expert's opinion even supplemented by the additional material submitted does not constitute a sufficient basis for the entry of so drastic an order. Defendants have available to them all of the ingredients present on the night of the event with the exception of the officers and their olfactory senses. If an experiment is appropriate, it can be conducted with the use of persons possessed of normal olfactory senses.

To require the officers to participate in the tests explained at oral argument would entail their presence for an undisclosed period of time and require that they be subjected to experiments, in some of which marijuana would not be present, which would not be a true recreation of the scene on the night in question.

Furthermore, all witnesses perceive events by use of one or more of their senses. If the accuracy of those senses were required to be submitted to testing and experimentation in every case, it would be a never-ending process to the obvious detriment of the goal of speedy justice. This is particularly true in the case of police officers who, in addition to their enforcement duties, are required to testify in cases in which they are involved. In our judgment, the order under review would further impose upon their time, unnecessarily in our judgment. There is no corresponding benefit to defendants that cannot as well be obtained without the participation of the police officers.

Reversed. The matter is remanded to the Superior Court of New Jersey, Law Division, Atlantic County, for further proceedings consistent with this opinion. We do not retain jurisdiction.