216 N.J. Super. 549 (1986)
524 A.2d 474
STATE OF NEW JERSEY
v.
RONALD POLASKY, DEFENDANT.
Superior Court of New Jersey, Law Division Burlington County.
Decided October 27, 1986.
*550 Terri-Anne Duda, Assistant Prosecutor, for the State (Stephen G. Raymond, Prosecutor)
Lisa J. Rodriquez, for defendant (Tomar, Seliger, Simonoff, Adourian & O'Brien, attorney)
HAINES, A.J.S.C.
Ronald J. Polasky was charged with careless driving and failure to have a driver's license in his possession. Through counsel he served a demand for discovery upon the municipal prosecutor and was then advised by the court clerk that discovery would not be provided. The demand was repeated in a letter to the prosecutor which also advised that defense counsel would appear on the trial date and, if not provided with the requested discovery, would move for a dismissal of the complaints. The charges against the defendant arose from a two-car accident. Defense counsel had reason to believe in the existence of an independent witness to the accident; the name and address of that witness was sought as part of the discovery demand. The defense also wished to examine the police report and the back of the motor vehicle summons containing the arresting officer's comments.
The prosecutor answered the discovery demand by telephone and refused to respond, relying on State v. Roth, 154 N.J. Super. *551 363 (App.Div. 1977). Defense counsel, as promised, moved for dismissal by reason of the refusal. The motion was denied and the present interlocutory appeal followed.
This opinion concludes that the Court below should have dismissed the charges against the defendant or provided other relief.

A. The Rules, the Cases and the Statutes

1. Rules and Cases

Prior to 1978, the relevant Rules limited the discovery right to "criminal actions." State v. Roth, 154 N.J. Super. 363 (App. Div. 1977), addressing that Rule, held that drunken driving was not a crime and that defendants charged with that offense had no right to discovery. Roth cited with approval, State v. Smithson, 150 N.J. Super. 148 (App.Div. 1976), which held that "... the court rules as they presently exist, do not permit any type of discovery in cases involving traffic violations. Municipal court discovery is narrowly limited to `criminal actions' only." [at 150]
Our discovery rules were amended in 1978. R. 7:4-2(g) now reads as follows:
Depositions and discovery in any case in which the defendant may be subject to imprisonment or other consequence of magnitude if convicted shall be as provided by R. 3:13-2 and R. 3:13-3 provided that the municipality in which the case is to be tried has a municipal prosecutor.
R. 3:13-2 permits the taking of certain depositions, R. 3:13-3, the discovery, inspection and copying of various records, statements and reports, including police reports, by both state and defense. The opening paragraph of the latter Rule begins:
Upon written request by the defendant, the prosecuting attorney shall permit defendant to inspect and copy or photograph....
Roth is no longer the law with respect to discovery, at least in drunk driving cases. In State v. Utsch, 184 N.J. Super. 575 (App.Div. 1982), the court held that a defendant in a drunk driving case was entitled to discovery and said that the holding *552 in Roth "must be regarded as having been effectively overruled by the 1978 amendment of the municipal court discovery Rule...." [at 579-580] The right to discovery in other municipal court cases has not been decided. Under the present version of R. 7:4-2(g) it is available whenever a defendant may be subjected to "imprisonment or other consequence of magnitude, if convicted." It is apparent, in the present case, that Polasky met this test and was therefore entitled to have the requested discovery.

2. The Statute

Polasky is charged with careless driving in violation of N.J.S.A. 39:4-97. If convicted, he is subject to the penalties set forth in the following chapters and sections of Title 39:
(1) 4-104: A person violating a section of this article shall, for each violation, be subject to a fine of not less than $50.00 or more than $200.00 or imprisonment for a period not exceeding 15 days, or both....
(2) 5-31: The director or any magistrate before whom any hearing under this subtitle is had may revoke the license of any person to drive a motor vehicle, when such person shall have been guilty of such willful violation of any of the provisions of this subtitle as shall, in the discretion of the magistrate, justify such revocation.
(3) 5-30(a): Every registration certificate and every license certificate to drive motor vehicles may be suspended or revoked, and any person may be prohibited from obtaining a driver's license or a registration certificate ... by the Director for a violation of any of the provisions of this Title or on any other reasonable grounds....
(4) 5-30.5, 6, 7, & 8 (providing for the assessment of "points" for motor vehicle offenses): Except for good cause, the director shall suspend for a period of no less than 30 days and no more than 180 days . .. the license to operate a motor vehicle of any person who accumulates ... [a certain number of] points. (A careless driving conviction attracts two points. N.J.A.C. 13:19-10.1 et seq.)
(5) 5-36: Unless otherwise expressly provided in this subtitle, any person who shall be convicted of a violation of any of the provisions of this subtitle, and upon whom a fine shall be imposed, shall, in default of payment thereof, be imprisoned in the county jail or workhouse of the county where the offense was committed, but in no case shall such imprisonment exceed one day for each $20.00 of the fine so imposed, no shall such imprisonment exceed, in any case, a period of 3 months.
These are serious penalties. Furthermore, if the defendant's license is suspended or revoked he becomes subject to numerous *553 additional severe penalties as set forth in the following chapters and sections of Title 39:
(a) 3-40: (paraphrased): provides, in pertinent part, that any person whose driver's license has been suspended or revoked or who operates a motor vehicle having a revoked registration, shall be subject to a fine of $500. for the first offense, $750. and 5 days imprisonment for the second offense, $1,000. and 10 days imprisonment for the third offense and, for any such offense, at the court's discretion, a license suspension not to exceed 6 months.
(b) 3-10a: The Director of Motor Vehicles may charge a fee of $30.00 for the restoration of any license which has been suspended or revoked by reason of the licensee's violation of any of the provisions of Title 39 or any regulation adopted pursuant thereto.
(c) 5-30(f): In addition to any other final agency action, the director shall require any person whose privileges to operate a motor vehicle ... are suspended or who has been prohibited from obtaining a license, pursuant to this section, to be reexamined to determine the person's ability to operate a motor vehicle ... prior to regaining or obtaining any driving privileges in this State.
(d) 5-35: Any person, whose driver's license ... has been suspended or revoked, who fails to return it... to the director, ... within five days of the date of suspension of revocation ... or who fails to surrender it ... upon demand of an authorized representative of the Division of Motor Vehicles, member of the State Police or other police officer who has been directed to secure possession thereof, shall be fined not more than $25.00.
Polasky was also charged with failure to have a license in his possession, contrary to N.J.S.A. 39:3-29, a charge which, pursuant to that section of the motor vehicle law, subjects him to a fine not exceeding $100.00 unless he exhibits a valid license to the judge of the municipal court, in which case he may be subject to court costs only.

B. Analysis

It is apparent that the refusal of the municipal prosecutor to comply with the discovery request was wrong. It was based upon Roth, a nine-year old decision made inapplicable by the amendment to our discovery rules adopted eight years ago. The emasculating effect of the new Rule on Roth was clearly stated in Utsch four years ago. The charges against the defendant, by virtue of the numerous cited statutory provisions, subject him to imprisonment, loss of license and fines. Either imprisonment or loss of license is a "consequence of magnitude." *554 Rodriguez v. Rosenblatt, 58 N.J. 281, 295 (1971); State v. Sweeney, 190 N.J. Super. 516, 524 (App.Div. 1983).
The prosecutor argues that the prospect of imprisonment and, presumably, license suspension, is remote. That is not the test. The question is simply whether the defendant is "subject to" a "consequence of magnitude, if convicted." This does not and should not leave room for speculation. Were the Rule otherwise, an impossible pretrial and prediscovery assessment of the defendant's prospects would have to be made by the prosecutor or the defendant or both, and, ultimately, by the court, in order to decide whether discovery was available.
The discovery rules are designed to promote fairness. They should be read liberally to that end. The defendant's request in this case was not burdensome to the State; it should have provided the requested information in the interest of justice. In the event a discovery request is burdensome, R. 3:13-3(d) provides for a protective order on motion.

C. The Responsibility of the Prosecutor

The Prosecutor argues that it is "common practice" to send the request for discovery not only to the municipal prosecutor but also to the local police department and the local court clerk and that discovery is "usually provided" through the police department. It is argued that defense counsel here should have followed that custom and should not have insisted upon the cooperation of the prosecutor.
This is wrong. R. 3:13-3(a) requires "the prosecuting attorney" to "permit" the defendant to obtain the requested information. There are very good reasons for settling this responsibility upon the prosecutor and no one else. In the first place, the court clerk is an employee of the court, not of the prosecutor. If the clerk is responsible for providing discovery, the court is also responsible and is placed in a very awkward position, especially if a mistake is made. Police officers are not prosecutors; they are law enforcers and State witnesses. It *555 makes no sense to require witnesses to respond to discovery demands, particularly not witnesses whose interests may be adverse to defendants who make discovery requests.
Not all such requests are to be honored. For example, R. 3:13-3(c) excludes "a party's work product" from discovery. Neither the court clerk nor the police department can decide what documents constitute "work product" in a given case. R. 3:13-3(a)(7) requires "a designation by the prosecuting attorney as to which of those persons [having relevant evidence] he may call as witnesses." Can anyone but the prosecuting attorney make that designation? R. 3:13-3(d) permits a motion for a protective order. Only the prosecutor can make that motion for the State. How can the prosecutor know whether to so move if the discovery demand is not made upon him? R. 3:13-3(f) imposes a continuing duty to disclose discoverable information. Can that duty be discharged by anyone other than the prosecutor? The questions are rhetorical, the answers obvious. R. 3:13-3 says that the prosecutor has the discovery responsibility; there is no reason to read it any other way. That is why R. 7:4-2(g) permits discovery only in municipal courts which have prosecutors.
There is a further reason for requiring the prosecutor to be responsible. In our court system, the prosecutor, contrary to an ordinary advocate, has a duty to see that justice is done. State v. D'Ippolito, 19 N.J. 540, 549-550 (1955). He is not to prosecute, for example, when the evidence does not support the State's charges. Consequently, the prosecutor has an obligation to defendants as well as the State and the public. Our discovery rules implicate that obligation, an obligation which can be discharged by no one else.
How the prosecutor discharges the discovery duty is up to him. For example, discovery requests may be forwarded routinely, by the prosecutor, to the local police department for response. When the prosecutor does so, however, responsibility for compliance remains with him. It is the responsibility *556 that counts. When it is not discharged the State must suffer the consequences.

D. The Relief

In this case there has been a refusal to comply with a permitted discovery request. R. 3:13-3(f) provides in pertinent part as follows:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Rule or with an order issued pursuant to this Rule, it may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems appropriate.
A number of factors must be considered in deciding how this Rule is to be implemented here: (1) Whether the State's position was arguably correct. For the reasons enumerated it was not. (2) Whether the information sought through discovery was material to the defense. Obviously it was. It sought the name and address of an unknown witness and the comments of the arresting officer. (3) The nature of the offense, whether it was so serious that the interest of the public would be unacceptably abused by a severe sanction. The defendant's offenses are not in that category.
The alternatives available consist of: (a) further postponement of the hearing with discovery to be provided in the meantime, (b) the imposition of costs upon the State as permitted by State v. Audette, 201 N.J. Super. 410 (App.Div. 1985), (c) suppression of the evidence that should have been produced in response to the discovery request, and (d) dismissal of the complaint. A further postponement of the hearing awards the State and does nothing to compensate the defendant for the expense and inconvenience which the discovery refusal imposed upon him. Requiring the State to pay these expenses is fair and reasonable. Dismissing the complaint or suppressing the requested evidence (tantamount to a dismissal) would also be a reasonable response.
*557 The State may choose. The motion to dismiss the complaint must be granted unless it agrees to pay the reasonable expenses occasioned the defendant by its refusal. The State shall advise this court and the defendant of its choice within 15 days. In the event it elects to pay the defendant's expenses, those expenses shall be proved by affidavit to be served upon the prosecutor within 15 days after receipt of the State's advice. The prosecutor may challenge the amount claimed by motion served within 15 days thereafter and will be provided with an evidential hearing, if requested.