240 N.J. Super. 139 (1990)
572 A.2d 1166
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
LESLIE D. PRICKETT, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued on Emergency Application and Remanded September 7, 1989.
Submitted January 26, 1990.
Decided April 4, 1990.
*141 Before Judges KING and GRUCCIO.
Schuman, Butz, Bezdecki & Scalia, attorneys for appellant (Edward F. Bezdecki, on the letter brief).
James W. Holzapfel, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Assistant County Prosecutor, on the brief).
The opinion of the court was delivered by GRUCCIO, J.A.D.
Defendant appeals from the denial of a motion to dismiss the charge of operating a motor vehicle under the influence of alcohol, N.J.S.A. 39:4-50. Essential to our resolution of this case is a discussion of the questions of judicial discretion and the roles of the municipal prosecutor, municipal court clerk and defense counsel.
On December 8, 1988, defendant was stopped by a state trooper in the Borough of Tuckerton, Ocean County, and charged with operating an automobile while under the influence of alcohol, a violation of N.J.S.A. 39:4-50. On April 24, 1989, defense counsel entered an appearance, demanded discovery and filed a motion to compel discovery. This demand went without response from the municipal prosecutor or action by the municipal court judge. The municipal court clerk mailed a notice dated March 13, 1989, scheduling the trial for 1 p.m. on April 6, 1989. For reasons not apparent from the record, the trial date was then rescheduled for June 22, 1989, at 9:30 a.m., by notice dated May 12, 1989. That notice contained the language:
*142 "THIS IS A SPECIAL SESSION OF COURT  NO ADJOURNMENTS WILL BE ALLOWED."
On June 19, 1989, three days before the scheduled trial date, defense counsel wrote a letter requesting a continuance because of a lack of response to his motion served April 24, 1989, which, among other things, sought an order directing production of ampoules for testing. That application for a postponement was denied without factual findings or explanation, a predicate to our determination of the propriety of the municipal court's decision. State v. Sisti, 209 N.J. Super. 148, 506 A.2d 1307 (App.Div. 1986); State v. Hardy, 211 N.J. Super. 630, 635, 512 A.2d 545 (App.Div. 1986). As directed, defense counsel, defendant and an expert witness appeared and answered the calendar call at 10 a.m. on June 22, 1989. They remained in the court ready for trial while the judge disposed of other cases.
The municipal court clerk subpoenaed the arresting state trooper on May 15, 1989. The trooper contacted the municipal court clerk on May 22, 1989, and advised her that he had a vacation scheduled June 22, 1989, and was apparently excused by the clerk; however, the case remained on the peremptory list.[1] This information was first communicated to the municipal court judge, municipal prosecutor and defense counsel on the afternoon of June 22, 1989.
Defense counsel, who was in court from 10 a.m. to 3:30 p.m., promptly moved for a dismissal which was opposed by the municipal prosecutor and denied by the municipal court judge, again without factual findings. On appeal to the Law Division, defendant's motion for dismissal based on "the right to speedy trial and confrontation" was again denied and the matter remanded to the municipal court for trial and consideration of *143 sanctions "against the State or town or whoever is at fault."[2]
On appeal defendant raises the following issues:
1. Where the trial court has set a peremptory date for trial and defendant appears ready with expert witnesses to proceed to trial on the date set certain and has been given no advance notice as to any requests for adjournment by the State, where the State's chief witness has been subpoenaed and fails to appear for no good cause was the trial court incorrect in failing to grant defendant's request for a dismissal?
2. Where Superior Court, Law Division judges disagree on a point of law should the Appellate Division decide the matter in order to provide defense counsel guidance as to the proper course to follow in seeking to provide a proper representation to clients?
The gist of defendant's appeal is that his appearance in court, ready for trial on a peremptory trial date, entitled him to a dismissal when the State failed to proceed because a subpoenaed state police witness was on vacation and the municipal prosecutor sought a continuance without prior notice.
We must consider issues of speedy trial and fundamental fairness, as did our Supreme Court most recently in State v. Gallegan, 117 N.J. 345, 567 A.2d 204 (1989). The speedy trial issue raised in this case was dealt with extensively and correctly by the Law Division judge who followed the balancing test laid down by Justice O'Hern in Gallegan:
It is true that a delay in completing a prosecution may, depending on the circumstances, violate a defendant's constitutional right to speedy trial. Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 485-86, 1 L.Ed.2d 393, 399 (1957). A court would balance factors such as the length of the delay, the reasons for the delay, defendant's assertion of his right to speedy trial, and any prejudice to defendant caused by the delay. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191, 33 L.Ed.2d 101, 117 (1972). [Id. 117 N.J. at 335, 567 A.2d 204].
The imposition of sanctions or assessment of costs against the responsible person(s) requires an examination of the role played by each participant in the municipal court arena. Like *144 Gallegan, this case arises "because of an unavoidable tension between our current governmental structure of part-time municipal courts and prosecutors and the ever-increasing importance of municipal court cases." Id. at 347, 567 A.2d 204.
Our municipal courts have, over the years, consistently resisted applications of management principles, particularly those involving supervision and accountability. Their structure permits many of our municipal courts to be extra-planetary, following their individual, self-determined orbits outside the ambit of court rules and Supreme Court regulations. The Assignment Judges, dealing with competing priorities for their time and management duties in the Superior Court, have achieved relatively little by way of management of the municipal courts. By exception to this frustration, we take note of the four-year experiment with Presiding Judge-Municipal Court in Vicinage 1 (Atlantic/Cape May), Vicinage 4 (Camden), Vicinage 7 (Mercer) and Vicinage 12 (Union).[3] The presiding judge concept has allowed modern management techniques to be implemented in the affected municipal courts. In Vicinage 1 responsibility and accountability has been placed on all involved, i.e., municipal court judges, municipal prosecutors, public defenders, private counsel and court personnel, resulting in the prompt and effective administration of justice.[4]
Reviewing the record, we find that defendant's requested continuance of the trial date came only three days before the incidents giving rise to this appeal. Further, no proofs, by way of affidavit or otherwise, were offered to show any prejudice to defendant other than the obvious loss of his time and the costs of his attorney and expert witness. See R. 7:4-2(h), which *145 renders R. 3:13-2 and -3 applicable to the municipal courts. Rather than seek a postponement, defense counsel should have availed himself of the relief afforded by R. 3:13-3(f), which provides in part:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this Rule or with an order issued pursuant to this Rule, it may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems appropriate.
See State v. Polasky, 216 N.J. Super. 549, 524 A.2d 474 (Law Div. 1986) (discussing the problems of discovery in the municipal courts and the municipal prosecutor's responsibility).
Here, as in an overwhelming majority of our municipal courts, we have the problem of a part-time municipal prosecutor responsible for preparing cases for trial who abandons a prosecutorial function to the municipal court clerk who assumes it. R. 1:9-1 indicates that the court clerk may issue a subpoena, but makes no provision for service by the court clerk nor does it give the clerk the authority to excuse any witness absent instructions from the municipal court judge. The municipal court clerk should not become involved in the preparation of the State's case. See N.J. Municipal Court Clerks' Manual, § 2.3, pp. 69-70 (A.O.C. 1985), which states:
The municipal prosecutor has the responsibility for determining what witnesses he wants and of preparing his own subpoenas. However, if the municipal prosecutor lacks secretarial help, court personnel may assist in typing the subpoenas.
Upon the request of counsel assigned to represent an indigent defendant in the municipal court, the court clerk should prepare subpoenas requested and arrange for service by the police or by a person 18 or more years of age. This should also apply to the request of an indigent defendant who is not entitled to assignment of counsel.
The municipal prosecutor or an indigent defendant appearing pro se or by assigned counsel should provide the court clerk with the names and addresses of those persons to be subpoenaed. It should be emphasized that it is not the obligation of the court clerk to determine who shall be subpoenaed. [Emphasis supplied].
Preparation of the State's case is clearly a prosecutorial function and is a responsibility that cannot be shifted to others. *146 Any attempt by the prosecutor to place this function upon the clerk, who is an impartial judicial officer, is improper. State v. Perkins, 219 N.J. Super. 121, 125, 529 A.2d 1056 (Law Div. 1987). In Polasky, Judge Haines discussed the municipal prosecutor's role in connection with discovery, and added:
There is further reason for requiring the prosecutor to be responsible. In our court system, the prosecutor, contrary to an ordinary advocate, has a duty to see that justice is done. State v. D'Ippolito, 19 N.J. 540, 549-550 [117 A.2d 592] (1955). He is not to prosecute, for example, when the evidence does not support the State's charges. Consequently, the prosecutor has an obligation to defendants as well as the State and the public. Our discovery rules implicate that obligation, an obligation which can be discharged by no one else. [216 N.J. Super. at 555, 524 A.2d 474].
Thus, it is the municipal prosecutor who selects the State's witnesses, requests postponements for the State, complies with discovery rules, requests dismissal if the State cannot make out a case, and does all else necessary to prepare and present the State's cases in the municipal court. See also Position 3.11, "The Role of the Prosecutor," Report of the Supreme Court Task Force on the Improvement of Municipal Courts (1985).[5]
Here the state trooper witness for the State called the municipal court clerk who should have referred him to the prosecutor, but instead took the message and failed to do anything about it until defendant, defense counsel and expert witness sat in court for the better part of a day. Applications for postponements should be made by the attorneys for the parties, not by subpoenaed witnesses. The prosecutor should have made an application for postponement upon learning of the unavailability of his witness, long before the mandatory *147 trial date. The municipal court judge has the ultimate authority over all matters in the court and should postpone cases scheduled on a peremptory basis only upon proper application by counsel or a pro se defendant.
We next turn our attention to the issue of the imposition of costs or sanctions. R. 1:2-4(a) provides for payment of costs to an adverse party as a condition of adjournment even where the State is the offending party in a criminal action. State v. Audette, 201 N.J. Super. 410, 493 A.2d 540 (App.Div. 1985). We have frequently cautioned that in the administration of justice dismissal must be a recourse of last resort. Georgis v. Scarpa 226 N.J. Super. 244, 543 A.2d 1043 (App.Div. 1988); Johnson v. Mountainside Hosp., Resp. Disease Asso., 199 N.J. Super. 114, 488 A.2d 1029 (App.Div. 1985). The problem of delay and its impact on substantial justice is generally discussed by Justice O'Hern in Gallegan, 117 N.J. at 355, 567 A.2d at 204. Considering that defendant is charged with driving while under the influence of alcohol, dismissal should not result here. The Administrative Office of the Courts, Municipal Court Bulletin Letter # 9/10-85, September/October 1985, states that a municipal court judge should not automatically dismiss a drunk-driving complaint when the police officer fails to appear. The judge should direct the prosecutor to attempt to bring the officer to court immediately or, in appropriate cases, postpone the hearing. While State v. Paris, 214 N.J. Super. 220, 224, 518 A.2d 786 (Law Div. 1986), held that the bulletin letter was not binding authority on the municipal court judges' exercise of discretion, id. at 224-225, 518 A.2d 786, this holding was effectively overruled by a memorandum from the Chief Justice dated December 2, 1986, and reported at 118 N.J.Law Journal 809 (December 11, 1986). To the extent necessary, we judicially overrule that portion of Paris which is inconsistent with the administrative directive and the memorandum of the Chief Justice.
*148 We affirm the denial of defendant's motion to dismiss for denial of a speedy trial or other fundamental unfairness. We agree with the Law Division judge that the case should be remanded to the municipal court for determination and imposition of appropriate costs and for trial within 45 days of the date of this opinion.
Affirmed.
NOTES
[1] The record is not clear as to whether the clerk excused the trooper or just took the message.
[2] While the Law Division judge detailed his reasons for denial of the motion, he did not in any manner deal with the obligations of the municipal prosecutor and municipal court judge with regard to discovery or production of witnesses. This is so despite our remand and mandate that the trial judge amplify his conclusions with further findings.
[3] See generally Position 1.1, "Vicinage Presiding Judge  Municipal Courts: Responsibilities, Eligibility, and Compensation," Report of the Supreme Court Task Force on the Improvement of Municipal Courts (1985).
[4] We observe that this vicinage stands alone, having municipal prosecutors and public defenders in all municipal courts.
[5] We have addressed the need for the training and supervision of municipal prosecutors in unreported opinions and understand that since 1988 the Attorney General has been contemplating recommending legislation intended to provide supervision of municipal prosecutors by the County Prosecutors and his office, thus fortifying our recognition of their power of supersession. State v. Downie, 229 N.J. Super. 207, 209 n. 1, 550 A.2d 1313 (App.Div. 1988), aff'd, 117 N.J. 450, 453, 569 A.2d 242 (1990). Regardless of the perceived need for legislation, it is clear that the county prosecutors and the Attorney General have the duty to supervise municipal prosecutors.