184 N.J. Super. 575 (1982)
446 A.2d 1236
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ERNEST UTSCH, III, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 25, 1982.
Decided June 7, 1982.
*577 Before Judges MATTHEWS, PRESSLER and PETRELLA.
Schmidt & Assan, for the appellant (Frederick W. Schmidt on the brief).
Donald R. Charles, Jr., Cape May County Prosecutor, for the respondent (Russell L. Lichtenstein on the brief).
The opinion of the court was delivered by PRESSLER, J.A.D.
The primary issue on this drunk driving appeal is whether the proceedings conducted by the municipal court, whose conviction was affirmed on a trial de novo by the Law Division, violated defendant's constitutional guarantee against double jeopardy. We conclude that they did not and, accordingly, we affirm the conviction.
Defendant Ernest Utsch was charged on January 24, 1981 with operating a motor vehicle while under the influence of alcohol, in violation of N.J.S.A. 39:4-50. Several days thereafter his attorney made written request upon the Cape May City prosecutor for discovery, seeking all of the police reports relating to the charge. The prosecutor did not respond, and there is no reason to discredit his subsequent representation that his failure to do so was the result of inadvertent neglect. Nor did defendant's attorney make any other effort to obtain discovery in view of the apparently total disregard of his letter.
The charge was scheduled for hearing on March 11, 1981 by the lay-tenured municipal court judge of Cape May City, who commenced the proceedings by accepting defendant's not guilty *578 plea and asking both counsel if either had any motions to address to the complaint. Both counsel answered in the negative and the prosecutor called his first witness, the arresting officer. At that point defendant's attorney moved for an order prohibiting the officer from testifying because of the prosecutor's failure to have furnished him with his name as a person having relevant information. When this motion was denied, defense counsel moved for an order suppressing the officer's testimony because of the failure of the prosecutor to have furnished him with the reports regarding the police testing of the defendant for sobriety. During the course of argument on these motions defendant's attorney, without any reasonable provocation apparent in this record, accused the municipal court judge of bias and prejudice and was needlessly abrasive towards and accusatory of the bench. In any event, and in response to the second motion, the judge determined that defendant had in fact, although inadvertently so, been denied the discovery to which he was entitled. He, therefore, decided "to adjourn the matter so that discovery can be given" and undertook to fix a further hearing date in the future. An adjourned hearing date was not then fixed because of defendant's counsel's representation that he intended to pursue an interlocutory appeal from the court's denial of his motion to dismiss the charge for failure of the prosecutor to have furnished discovery.
No interlocutory appeal was, however, pursued and at the end of March 1981 defendant's attorney received a letter from the municipal court clerk advising that the matter had been scheduled for April 16, 1981, and further advising that "the matter will be heard de novo." The scheduled April hearing was postponed at defendant's request and the hearing rescheduled for early June. The original June date was also postponed at the prosecutor's request and the matter was finally proceeded with on June 26, 1981.
When the matter was called for hearing it was a different municipal court judge who presided. He advised the parties *579 that the original judge had disqualified himself from proceeding further because of the accusations which defendant's counsel had made against him at the initial hearing. Defendant's counsel then took the position that because of a new judge sitting and because of the "de novo" reference in the clerk's letter, the proceeding about to commence was not a continued hearing of the charge but was rather a new hearing thereof following a termination of the original hearing. He further argued that such a new hearing violated defendant's constitutional guarantee against double jeopardy. The substituted judge, in order to determine precisely what had transpired at the original hearing, directed that the tapes thereof be played back. He was satisfied therefrom that the original judge had not terminated the proceeding at the March 11 hearing but had only adjourned it. He was further satisfied that defendant would be in no way prejudiced by the matter going forward and that there was no constitutional or other impediment to proceeding.
We are satisfied, as was the Law Division on the trial de novo, that this ruling was correct.
At the outset, we are persuaded that defendant was entitled to the discovery originally requested and that it was error on the part of the prosecutor not to have provided it. See R. 7:4-2(g), which was amended effective September 11, 1978, to accord a discovery right to those municipal court defendants who "may be subject to imprisonment or other consequence of magnitude if convicted." Since a drunk driving charge may result in imprisonment and almost assuredly will result in some license suspension, there can be no question that the condition of the rule was here met. Compare State v. Roth, 154 N.J. Super. 363 (App.Div. 1977), according a narrower discovery right in drunk driving prosecutions, but whose holding in this respect must be regarded as having been effectively overruled by the *580 1978 amendment of the municipal court discovery rule above cited.[1]
The first issue, then, is the consequence of a prosecutor's failure to comply with his discovery obligation. R. 3:13-3(f), incorporated by reference by R. 7:4-2(g), provides in relevant part as follows:
If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule or with an order issued pursuant to this rule, it may order such party to permit the discovery or inspection of materials not previously disclosed, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may enter such other order as it deems appropriate.
We are satisfied that the municipal court judge at the first hearing did not mistakenly exercise his discretion in deciding to adjourn the matter in order to give defendant a discovery opportunity as is authorized by the rule. See, generally, State v. Laganella, 144 N.J. Super. 268, 281-282 (App.Div. 1976), app. dism. 74 N.J. 256 (1976). This was a bench trial; there was no apparent prejudice to defendant in the maintaining of his defense effected by the adjournment; the prosecutor's failure to supply the discovery was not willful and defendant's attorney himself made no effort after his initial letter to obtain the discovery requested. Indeed, it was the prosecutor's representation at the first hearing that ordinarily defendants seeking discovery simply obtain it from the involved police department, which is customarily the custodian of the discoverable records and reports.
It is, therefore, clear that up to the point of the adjournment of the first hearing, the prosecution was proceeding in an entirely unexceptionable manner. It is further clear that had a date for the continued hearing then been fixed and had the original municipal court judge continued to preside, there would not have been the slightest basis for a double jeopardy claim. *581 We disagree with defendant's contention that either the subsequent fixing of the continued date or the subsequent disqualification of the original judge or both in combination produced a double jeopardy consequence.
As to the fixing of the date, defendant relies substantially on the statement in the clerk's letter advising that the continued trial would be a "trial de novo." He argues that this advisory conclusively establishes the fact that the original hearing had been terminated and not adjourned. We are, however, persuaded that the characterization of these proceedings must be based on what actually transpired and what was actually intended and understood and not on the fortuity of the inapposite statement by the clerk, who, in any case, obviously had no capacity to have in any way overruled or reversed the order of the municipal court judge. Since the municipal court judge had directed an adjournment, the character of the continued hearing as an adjourned hearing rather than as a new hearing could hardly have been affected by the court clerk's misuse of a technical term.
Nor does the circumstance of the initial judge's disqualification produce a double jeopardy consequence or indicate a mandatory "new hearing" characterization of the continued proceeding. Clearly, a trial judge not only has the right but, moreover, has the obligation to recuse himself on his own motion if he is satisfied that there is good cause for believing that his not doing so "might preclude a fair and unbiased hearing and judgment, or ... might reasonably lead counsel or the parties to believe so." See R. 1:12-1(f). The unwarranted personal attack made by defendant's attorney on the municipal court judge at the initial hearing, particularly a lay judge, justified his decision to recuse himself. That recusal, however, did not prevent the original trial from proceeding. R. 1:12-3(b) specifically provides as follows:
If a judge is prevented during a trial from continuing to preside therein, another judge may be designated, as provided in paragraph (a), to complete the trial as if he had presided from its commencement, provided, however that he is able to *582 familiarize himself with the proceedings and all of the testimony therein through a complete transcript thereof.
This procedure was followed by the substituted judge at the continued hearing by the playing of the tape of the first hearing. Furthermore, the record shows that there was virtually no testimony at all taken at the first hearing. Thus, it was apparent that there would be no prejudice resultant from the continuation of the trial before another judge and the taking in full of the testimony of the State's witness, who was sworn at the first hearing.
In view of the foregoing, it is our conclusion that the first proceeding had not been terminated but rather had been continued for completely justifiable reasons. Thus, the provisions of the New Jersey Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq., relied upon by defendant, which governs the consequences of an improper termination of a former prosecution, are completely inapplicable here. See N.J.S.A. 2C:1-9 d.
In summary, we conclude that the procedures here employed accorded with all applicable rules of court and are not reasonably construable as having subjected defendant to the harassment of successive prosecutions. See State v. Rechtschaffer, 70 N.J. 395 (1976).
The judgment of conviction is affirmed.
NOTES
[1] The rule, at the time Roth was decided, required discovery in the municipal court pursuant to R. 3:13-3 only in "criminal actions."