208 N.J. Super. 147 (1985)
505 A.2d 157
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
SALVATORE MERLINO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 17, 1985.
Decided November 18, 1985.
*148 Before Judges BRODY and BAIME.
Carl D. Poplar argued the cause for appellant.
Jeffrey S. Blitz, Chief Assistant Atlantic County Prosecutor, argued the cause for respondent (Joseph A. Fusco, Atlantic County Prosecutor, attorney; Jeffrey S. Blitz, of counsel; David Arrajj and Steven M. Janosko, Assistant Prosecutors, on the brief).
The opinion of the court was delivered by BRODY, J.A.D.
Following a bench trial the trial judge found defendant guilty of second-degree bribery (N.J.S.A. 2C:27-2(c)) and third-degree attempt to make an unlawful gift to a public servant to influence the performance of his official duties (N.J.S.A. 2C:5-1(a)(2); N.J.S.A. 2C:27-6(b)). The sentencing judge, who was not the trial judge, imposed concurrent four-year prison terms after reducing the bribery to a third-degree crime for sentencing purposes pursuant to N.J.S.A. 2C:44-1(f)(2). Overlooked at sentencing was the trial judge's correct ruling that on the facts of this case the crimes merge. We must therefore vacate the sentence for the unlawful gift.
The central issue at trial and the core issue on appeal is whether defendant's self-induced intoxication negatived the culpability element of N.J.S.A. 2C:27-2(c) bribery. N.J.S.A. 2C:2-8(a). The trial judge found that despite being intoxicated, defendant had the "knowing intention to offer" a police officer *149 $400 and a wrist watch if he would release defendant from custody and not charge him with driving while intoxicated.
Defendant was in the driver's seat of a stationary automobile when Lt. Stephen Schwartz of the Margate City Police Department arrested him for driving while intoxicated. Lt. Schwartz testified that on the way to the police station defendant repeatedly said that he could do the officer "some good" if he would release him. The officer further testified that when they arrived at the station defendant said to him, "[L]et's go around the corner and talk about this." The officer ignored these remarks and accompanied defendant into the station. A few minutes later Lt. Schwartz met defendant in the processing room. During the encounter that followed, which is recorded on a 27-minute videotape, defendant offered Lt. Schwartz the money and the watch. It is evident from the tape, however, that defendant was intoxicated at the time.
Self-induced, non-pathological[1] intoxication "is not a defense unless it negatives an element of the offense." N.J.S.A. 2C:2-8(a). N.J.S.A. 2C:27-2(c) bribery is defined as follows:
A person is guilty of bribery if he directly or indirectly offers, confers or agrees to confer upon another, or solicits, accepts or agrees to accept from another ... [a]ny benefit as consideration for a violation of an official duty of a public servant or party official; ....
The trial judge ruled, without objection, that because the statute lacks an express statement of culpable mental state, it must be interpreted as requiring that the bribe be made knowingly.[2]N.J.S.A. 2C:2-2(c)(3). Because there was evidence supporting the defense of intoxication, the State thus had the burden of proving that despite his intoxication defendant realized that he was offering Lt. Schwartz cash and other benefits as consideration *150 for violating his official duty to charge him with driving while intoxicated. See N.J.S.A. 2C:1-13(b)(1); State v. Galiyano, 178 N.J. Super. 393, 397 (App.Div. 1981), certif. den., 87 N.J. 424 (1981), 88 N.J. 496 (1981).
The judge found that the State proved its case based upon defendant's initial offers of a general benefit made on the way to the station and repeated on arrival, and upon defendant's statements and conduct recorded on the videotape. He relied upon defendant's persistent efforts by words and gestures to be let "out of here" in consideration for the money, the watch and other unspecified benefits. The judge was satisfied that defendant evidenced an understanding of his predicament by refusing a breathalyzer test and repeatedly arguing his innocence on the ground that he had not driven the automobile he was in when arrested.
Defendant points out that on the videotape some of his remarks are not rational and his moods fluctuate without reason. He emphasizes that it was foolhardy for him to have offered the bribe after being told that he was being videotaped. Essentially, these arguments rest on the unstated premise that a defendant may not be found guilty of an offense committed while he was intoxicated if he would not have committed the offense when sober. That is not the law. The statute recognizes that intoxication is "a disturbance of mental or physical capacities." N.J.S.A. 2C:2-8(e)(1). It is well known that one of the effects of alcohol is the removal of inhibitions or restraints. State v. Stasio, 78 N.J. 467, 478 (1979). Nevertheless, intoxication is a defense only if it is so severe that a defendant cannot form the requisite culpable mental state to commit the offense.[3]
*151 There is no appellate case interpreting the intoxication defense under the Code. However, Justice Handler, writing for the concurring justices in Stasio, a pre-Code case, described how they would interpret the Code defense:
The fear of condoning criminals, who are also drunks, can be addressed, I respectfully suggest, by imposing a heavy burden of proof upon defendants to show a degree of intoxication capable of prostrating the senses. Drunkenness which does not have this effect does not diminish responsibility and should not serve to excuse criminality. [Id. at 488]
As to the content of a jury charge on the defense of intoxication in a robbery case, Justice Handler said:
The charge on intoxication, however, should explain to the jury that unless defendant's intoxication was sufficiently extreme so as to have deprived him of his will to act and ability to reason, and prevented him in fact from having a purpose to rob the bartender, he would not, on this ground, be entitled to an acquittal. The jury, moreover, should be admonished to consider and weigh the evidence of intoxication with great caution. [Id. at 489]
The trier of fact here could properly reject the defense because defendant's conduct evidenced an awareness of his situation and a fairly high level of reasoning despite his intoxication.
Defendant points to contradictions, conflicts and other weaknesses in the testimony of the State's witnesses. The trial judge was cognizant of these infirmities, but concluded that the contents of the videotape provided more convincing evidence of defendant's state of mind than other less reliable evidence offered by both sides. We are not free to reconsider the judge's findings because they rest on sufficient credible evidence in the record. State v. Johnson, 42 N.J. 146, 162 (1964).
Our discussion disposes of defendant's arguments that (1) the case against him was so flimsy that its prosecution amounted to an abuse of prosecutorial discretion, (2) the evidence was insufficient to support a guilty verdict and (3) the verdict was against the weight of the evidence. Defendant also argues that (4) he is entitled to a new trial because of the trial judge's recusal from the sentencing hearing, (5) he was denied effective assistance of counsel at trial and (6) he did not knowingly and intelligently waive his right to a jury trial. We reject these arguments substantially for the reasons given by the judges *152 below. The trial judge denied defendant's motion for a new trial, based on the claim of ineffective assistance of counsel, before the decision in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). His reasoning, however, remains valid under the criteria established in that case.
The judgment of conviction for bribery is affirmed. The judgment of conviction for attempting to make an unlawful gift is set aside. See State v. Jackson, 204 N.J. Super. 13, 23 (App.Div. 1983), aff'd., State v. Hardison, 99 N.J. 379 (1985).
NOTES
[1] "Pathological intoxication" means "intoxication grossly excessive in degree, given the amount of the intoxicant, to which the actor does not know he is susceptible." N.J.S.A. 2C:2-8(e)(3).
[2] Neither party questions that ruling and we express no opinion as to whether it is correct.
[3] Intoxication is not a defense when recklessness establishes an element of the offense if, due to self-induced intoxication, the actor is unaware of a risk of which he would have been aware had he been sober. N.J.S.A. 2C:2-8(b).