209 N.J. Super. 148 (1986)
506 A.2d 1307
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
KEVIN T. SISTI, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 26, 1986.
Decided April 10, 1986.
*149 Before Judges KING, O'BRIEN and SIMPSON.
Goldstein, Ballen, O'Rourke & Wildstein, attorneys for appellant (James V. LeBeau, on the brief).
Larry J. McClure, Bergen County Prosecutor, attorney for respondent (Martha E. Dyba, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by SIMPSON, J.A.D.
Defendant appeals from his conviction following a trial de novo in the Superior Court, Law Division, of operating a motor vehicle on August 19, 1984 in violation of N.J.S.A. 39:4-50 ("... *150 while under the influence of intoxicating liquor, ... or ... with a blood alcohol concentration of 0.10% or more by weight of alcohol in the ... blood ..."). It was defendant's second violation of this statute and he received the same sentence as he did upon conviction in the Montvale Municipal Court. We affirm the conviction substantially for the reasons set forth in Judge Cariddi's comprehensive oral opinion of June 12, 1985, following the trial de novo on the record, wherein he concluded that there was overwhelming evidence of drunken driving as well as two breathalyzer test results of 0.13%.
Patrolman Kevin Downs testified as to defendant's erratic driving, inability to produce his driver's license, alcoholic beverage odor on his breath, slurred speech, slow hand movements, and failure to pass a field test for balance. At headquarters, defendant failed some more balance tests and Patrolman Downs' opinion was that he was under the influence of alcohol. Patrolman William Stachnick administered the breathalyzer tests with the indicated results, and he also was of the opinion that defendant was under the influence of alcohol based upon defendant's walking, mannerisms, slow and slurred "talk" and the smell of alcohol. Defendant did not testify, but one of his drinking companions testified for the defense that defendant had two or three glasses of beer with dinner and "a few beers" at another bar. He denied any erratic driving by defendant and counsel stipulated that another companion's testimony would be similar and cumulative.
The municipal court judge found defendant guilty "solely on the breathalyzer readings" and added that "There is no need for the Court to make further findings." On this appeal, defendant contends that a judgment of acquittal should be entered because:
POINT I: THE INSPECTION CERTIFICATES PURPORTING TO PROVE THAT THE BREATHALYZER DEVICE USED WAS IN GOOD WORKING ORDER WERE NOT PROPERLY COMPLETED OR AUTHENTICATED, AND SHOULD NOT HAVE BEEN ADMITTED INTO EVIDENCE.
POINT II: THE BREATHALYZER TEST WAS IMPROPERLY ADMINISTERED, AND THE READINGS OBTAINED WERE THEREFORE UNRELIABLE.

*151 POINT III: THE ADDITIONAL FINDINGS OF FACT ON APPEAL DE NOVO IN THE LAW DIVISION WERE UNWARRANTED.
POINT IV: THERE WAS INSUFFICIENT EVIDENCE TO SUSTAIN A FINDING OF INTOXICATION BEYOND A REASONABLE DOUBT.
The scope of our review is limited, as set forth in State v. Johnson, 42 N.J. 146, 162 (1964), and we are satisfied that the Law Division judge's findings "could reasonably have been reached on sufficient credible evidence present in the record." Our careful review of the record has also led to our determination that all of the issues raised in defendant's contentions are clearly without merit. R. 2:11-3(e)(2). We add as to Point III that defendant is mistaken in asserting that at the "municipal court hearing ... no argument was advanced on ... whether or not the testimony would support conviction ... absent the breathalyzer reading." The record is clear that the case was tried on both bases, and although the prosecutor was willing to submit without closing argument, he responded to defense counsel's summation that there was evidence "far beyond that of just the breath test." The Law Division, therefore, properly determined guilt on the alternative bases provided by N.J.S.A. 39:4-50 in the trial de novo on the record, State v. Johnson, supra, 42 N.J. at 158, although it did not have the benefit of the municipal court judge's findings as to the credibility of the witnesses. Furthermore, defendant did not request additional fact findings by the municipal court judge as he was entitled to under R. 1:7-4. For guidance in the future of municipal court judges, however, we note that in N.J.S.A. 39:4-50 cases where there are proofs of guilt, with and without breathalyzer readings, the judge should make findings and conclusions on both bases. Failure to do so is unfair to defendants, the State, the attorneys and the Appellate Courts. Curtis v. Finneran, 83 N.J. 563, 569-570 (1980).
Affirmed.