574 A.2d 445

STATE OF NEW JERSEY, PLAINTIFF, v. ALDO
VELEZ, DEFENDANT.

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v. JAMES
NEGVESKY, DEFENDANT–APPELLANT.

Argued March 12, 1990—Decided May 31, 1990.

*Thomas A. Pavics* argued the cause for appellant (*Schachter, Cohn, Trombadore & Offen,* attorneys).

*Robert E. Bonpietro,* Deputy Attorney General, argued the cause for respondent (*Robert J. Del Tufo,* Attorney General of New Jersey, attorney).

PER CURIAM.

We granted defendant James Negvesky's petition for certification, 117 *N.J.* 79, 563 *A.*2d 839 (1989), to resolve a conflict between Appellate Division panels over whether a defendant who committed a criminal drug offense before the effective date of the Comprehensive Drug Reform Act of 1986 (CDRA), *N.J.S.A.* 2C:35–1 to –23, has the absolute right to demand to be sentenced under the more structured provisions of this new Act.

*N.J.S.A.* 2C:35–23 of the CDRA states in pertinent part:

c. In any case pending on or initiated after the effective date of this act involving an offense defined herein and committed prior to such date:

\*       \*       \*       \*'       \*       \*       \*       \*

(2) The court, with the consent of the defendant, may impose sentence under the provisions of this chapter applicable to the offense and the offender \* \* \*.

Defendant construes this provision to mean "that it is the defendant's option to be sentenced under the CDRA and that the sentencing court does not have the discretion to deny such a request."

We agree with the opinion of the panel below, 229 *N.J.Super.* 305, 551 *A.*2d 540 (1988), that the plain language of the Act confers discretion on the sentencing court to sentence under either Act, provided that the defendant consents to any *ex post facto* application of the provisions of the new Drug Reform Act. It is clear to us that although the court may not sentence a transitional defendant under the CDRA without his consent, logic does not compel the opposite proposition that the court *must* sentence a transitional defendant under the CDRA if the defendant chooses that option. The limited contrary holding in *State v. Toro,* 229 *N.J.Super.* 215, 551 *A.*2d 170 (App.Div.1988), *certif. denied,* 118 *N.J.* 216, 570 *A.*2d 973 (1989), in which the court gave that defendant the option of being sentenced under the CDRA, is disapproved.

Because our grant of certification was unlimited, we have considered as well the merits of defendant's challenge to his sentence. Defendant contends that his aggregate sentence of five years in prison with a two-year parole disqualifier for the crimes of conspiracy, possession of cocaine (three counts), possession of cocaine with intent to distribute (three counts), and distribution of cocaine is excessive. The State counters that defendant's sentence, which is within statutory bounds, is completely proper.

Defendant complains of what he characterizes as a local rule of sentencing (that every drug sale draws imprisonment regardless of the balance of aggravating and mitigating factors in the

case); the lack of an adequate factual basis for a finding of aggravating factor *N.J.S.A.* 2C:44–1a(5) or of the likelihood that defendant was engaged in "organized criminal activity"; and an improper denial of a presumption of imprisonment under *N.J.S.A.* 2C:44–1b(7), on the basis of a prior conditional discharge rather than on the basis of a prior conviction.

We have disapproved of local rules of sentencing, *see State v. Warren,* 115 *N.J.* 433, 558 *A.*2d 1312 (1989), but we have only anecdotal evidence of any local rule here. And this is surely not the case to define the content of aggravating factor number five, "organized criminal activity." *See State v. Merlino,* 208 *N.J.Super.* 247, 505 *A.*2d 210 (Law Div.1984), *aff'd in part, vacated in part,* 208 *N.J.Super.* 147, 505 *A.*2d 157 (App.Div. 1985), *certif. denied,* 103 *N.J.* 460, 511 *A.*2d 644 (1986). Here, it is clear that defendant engaged in the distribution of cocaine for profit on an ongoing basis, and indeed pleaded guilty to possessing cocaine with intent to distribute on two separate dates, and to actual distribution on one. Finally, with respect to the claim of non-recognition of a presumption of non-incarceration, we note that the sentencing structure of *N.J.S.A.* 2C:44–1e does not apply with equal force to violations of the provisions of Title 24, since repealed. *See State v. Sainz,* 107 *N.J.* 283, 286–89, 526 *A.*2d 1015 (1987). Suffice it to say that the new Drug Reform Act has very comprehensive sentencing provisions, which embrace the factors that this trial court considered important in sentencing, and those factors will guide future sentencing courts.

However, defendant's sentence is problematic in another aspect. The trial court, while not imposing a high-range term of imprisonment on the base term of the sentence, nonetheless imposed a period of parole ineligibility. This is contrary to the approach recommended in *State v. Kruse,* 105 *N.J.* 354, 521 *A.*2d 836 (1987), in which we held that ordinarily a court should not impose a period of parole ineligibility with a sentence that is at the lower end of the sentencing range. Inasmuch as defen-

dant has been admitted to bail during the pendency of this appeal and there are three months of the two-year parole-ineligibility period remaining, the Law Division should reconsider the parole disqualifier in defendant's sentence.

To repeat, the Appellate Division correctly decided that defendant had no right to demand to be sentenced under the CDRA. Except to the extent that we modify the judgment to permit the trial court to reconsider the parole-ineligibility term, the judgment under review is affirmed.

*For modification and affirmance*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN-7.

*Opposed*—None.