69 A.3d 164

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
THOMAS J. WOLFE, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued April 24, 2013—Decided June 28, 2013.

Before Judges GRALL and KOBLITZ and ACCURSO.[1]

*Robert J. Pinizzotto* argued the cause for appellant (*Law Offices of Robert J. Pinizzotto, L.L.C.,* attorney; *Mr. Pinizzotto* and *Nicole E. Wise,* on the briefs).

*James F. Smith,* Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (*James P. McClain,* Acting Atlantic County Prosecutor, attorney; *Mr. Smith,* of counsel and on the brief).

The opinion of the court was delivered by

KOBLITZ, J.A.D.

Defendant Thomas J. Wolfe appeals from the Law Division judgment of August 17, 2012 finding him guilty de novo, based only on defendant's blood alcohol content (BAC), of a per se violation of the prohibition against driving while intoxicated (DWI), *N.J.S.A.* 39:4–50.[2] He was sentenced to the minimum mandatory penalties for a second offender pursuant to *N.J.S.A.* 39:4–50(a)(2).[3] Defendant unsuccessfully sought to block admission of his Alcohol Influence Report (AIR), a report generated by

---

[1] Judge Accurso did not participate in oral argument. However the parties consented to her participation in the decision. *R.* 2:13–2(b).

[2] The additional charge of possession of under fifty grams of marijuana, *N.J.S.A.* 2C:35–10(a)(4), was dismissed immediately prior to trial because the State did not produce a witness from the State police laboratory. After trial, the municipal court found defendant not guilty of reckless driving, *N.J.S.A.* 39:4–96, careless driving, *N.J.S.A.* 39:4–97 and speeding, *N.J.S.A.* 39:4–98.

[3] He was also sentenced to maintain an ignition interlock device on his vehicle for a period of one year after the restoration of his privilege to drive.

an Alcotest breathalyzer device, because the State did not timely provide complete discovery. We affirm.

In the early morning hours of May 19, 2010, the police stopped defendant's truck for speeding in Hamilton Township shortly after he left the Cavallino Nero Bar and Restaurant's parking lot.[4] After the officer smelled alcohol and conducted field sobriety tests, he took defendant to the police station where a breathalyzer was administered. Defendant's two usable breath samples revealed a BAC of .12 percent, evidence of a per se violation. *N.J.S.A.* 39:4–50(a).

Within a week of the arrest, defense counsel requested complete discovery, warning in his letter that he would later move to preclude any additional materials not provided initially. The State provided partial discovery and referred counsel to a website[5] for additional discovery.

After an unsuccessful motion to suppress the arrest, which was decided more than fourteen months earlier,[6] this matter went to trial on April 3, 2012. Defendant moved immediately prior to the commencement of trial to preclude the State from producing any evidence not previously supplied to him in discovery. The municipal judge denied this motion. During trial, the municipal judge required defense counsel to specify his objection to the admissibility of the AIR. The State was then permitted to call as a foundational witness a police officer who did not effectuate the arrest and whose name was not previously supplied to the defense. Although

---

[4] The court granted the State's motion to incorporate testimony from the motion to suppress into the trial record.

[5] THE TOWNSHIP OF HAMILTON, www.townshipofhamilton.com (last visited June 5, 2013).

[6] Defendant indicates that the trial was delayed pending our decision after remand in *State v. Holland,* 422 *N.J.Super.* 185, 27 A.3d 1212 (App.Div.) (permitting the State to use a different temperature probe than that approved by the Supreme Court in *State v. Chun,* 194 *N.J.* 54, 943 A.2d 114 (2008)), *appeal after remand,* 423 *N.J.Super.* 309, 32 A.3d 571 (App.Div.2011).

not previously provided to defendant, the State was also allowed to introduce the Alcotest's certificate of analysis of the .10 simulator solution used in its control tests. The witness and document were necessary to supply a foundation for the admission of the AIR.

On appeal defendant raises the following issues:

POINT I: THIS COURT SHOULD STAY THE DEFENDANT'S SENTENCE, PENDING THE RESOLUTION OF THE ISSUES PRESENTED IN THE DEFENDANT'S APPEAL.[7]

POINT II: THE DEFENDANT WAS FOUND NOT GUILTY UNDER THE "OBSERVATION" PORTION OF THE STATE'S CASE BY THE LOWER COURTS IN ACCORDANCE WITH STATE V. SISTI [209 N.J.Super. 148, 506 A.2d 1307 (App.Div.1986) ].

POINT III: THE MUNICIPAL COURT ERRED IN DENYING DEFENSE COUNSEL'S REQUEST FOR AN ORDER IN LIMINE.

POINT IV: DEFENSE COUNSEL HAS NO OBLIGATION TO INFORM THE STATE OF ANY FOUNDATIONAL DOCUMENTS MISSING FROM DISCOVERY, NOR DOES DEFENSE COUNSEL HAVE ANY OBLIGATION TO AID IN THE PROSECUTION OF H[ ]IS OR HER CLIENT.

POINT V: THE DEFENDANT SUFFERED PREJUDICE AND HARM THE MOMENT HIS COUNSEL WAS FORCED TO VIOLATE HIS CONSTITUTIONAL RIGHTS AND THAT HARM WAS THE DIFFERENCE BETWEEN GUILT AND INNOCENCE IN THIS MATTER.

We review the legal decisions of the Law Division and municipal court anew. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378, 658 A.2d 1230 (1995). A trial court's ruling on the admissibility of evidence, however, is evaluated using an abuse of discretion standard and is therefore "subject to limited appellate scrutiny." State v. Buda, 195 N.J. 278, 294, 949 A.2d 761 (2008) (citations omitted).

We agree with defendant's position articulated in Point II of his brief, that because he was only guilty of the per se portion of N.J.S.A. 39:4–50, not the observational portion of the statute, if the AIR was improperly admitted, his DWI conviction should be vacated.

---

7 Defendant's application for a stay of sentence pending appeal was denied by the Law Division. We denied his application for permission to file an emergent motion, and the issue is rendered moot by this decision.

Defendant argues in his remaining points that the AIR was improperly admitted because his counsel was forced to supply information to the State regarding the fatal weakness in its case and the State was then allowed to cure the deficiency. In Point III, he argues that his motions prior to and during trial to preclude the State from providing additional evidence should have been granted.

It is indisputable that defense counsel in his lengthy form letter seeking discovery sought the names of all potential witnesses, as well as "[a]ny and all documents with respect to the administration of any breath test, including but not limited to, all materials required pursuant to *State v. Chun*, 194 *N.J.* 54, 943 *A.*2d 114, [*cert. denied*, 555 *U.S.* 825, 129 *S.Ct.* 158, 172 *L.Ed.*2d 41 (2008)].  . . ." Defense counsel was aware of the omissions in the State's discovery and candidly admits he sought an order precluding further discovery to secure an acquittal for his client based on his view of his responsibility to his client.

Defendant argues that the judge's reliance on *Rule* 7:7-7(h), which notes that there is a continuing duty to provide discovery, to deny his motion in limine was an abuse of discretion. Defendant points to no legal authority requiring a court to exclude evidence based on the State's failure to present it timely after requested. Such a blanket order would preclude further discovery without a showing of prejudice to the defense or the reason for the State's delay. Here, the grant of such an order would have precluded the admission of the AIR for failure on the State's part to provide a foundational document, as well as the name of the police officer called to authenticate the document. We agree with the Law Division judge that the municipal court acted within its discretion in denying defendant's motion to preclude further discovery.

In Point IV, defendant maintains that when defense counsel objected to the admission of the AIR, the municipal court should not have required counsel to specify what foundational documents required by *State v. Chun*, *supra*, 194 *N.J.* at 145, 943 *A.*2d 114, were lacking. Defendant argues that this violated his Fifth

Amendment rights, as well as *N.J.S.A.* 2A:84A–17 and *N.J.R.E.* 501, 502 and 503. He cites no case that holds that requiring an attorney to specify his objection to the admissibility of evidence violates any of these provisions.

■ We perceive defendant's true grievance to be that the State was permitted to cure the deficiencies in its evidence establishing the foundation for admission of the AIR in the middle of trial after not providing the documents or witness to defendant in discovery. Defendant argues that such errors required his attorney to assist the State in its case against him by specifying the lack of foundational evidence. He asserts that this error was compounded when the municipal court allowed the prosecutor to provide the missing document required by *Chun,* the "Certificate of Analysis 0.10 Percent Solution used in New Solution Report," which had not been previously provided in discovery. The prosecutor indicated that she thought this document was available online, but apparently it was not. The State was also allowed to call a police officer not named in discovery to authenticate the AIR and foundational documents. Defendant candidly admits that his attorney would not have prepared any differently had he been aware of this information timely. Defendant thus objects to the leeway granted to the State by the municipal court to cure this discovery violation in the middle of trial because it tips the balance unfairly in favor of the State. He does not claim, however, that his ability to present his defense was impaired in any specified way.

In *State v. Utsch,* 184 *N.J.Super.* 575, 580, 446 *A.2d* 1236 (App.Div.1982), we applied what is now *Rule* 7:7–7(h) to allow the court in a municipal matter wide discretion in granting a continuance in order for the State to provide discovery. In *Utsch,* we affirmed such an adjournment where no discovery had been provided. Unlike in *Utsch,* here the laboratory certificate had been supplied and only one supporting document and the name of the foundational witness were lacking. Thus, an accommodation was even more reasonable under these circumstances.

We have previously noted that "[a] trial court has broad discretion in determining what sanctions, if any, to impose when a party fails to comply with discovery obligations." *State v. Toro*, 229 *N.J.Super.* 215, 223, 551 *A.2d* 170 (App.Div.1988), *certif. denied*, 118 *N.J.* 216, 570 *A.2d* 973 (1989), *overruled on other grounds*, *State v. Velez*, 119 *N.J.* 185, 574 *A.2d* 445 (1990) (citations omitted) (affirming the defendant's conviction after an expert not previously provided to the defendant was allowed to testify that possession of over a pound of cocaine with a purity of 65% is inconsistent with personal use, because the court reasoned that even if the defendant had been aware timely, he would not have been able to locate an expert to offer a contrary opinion).

We have determined in the context of surprise expert testimony that:

> In exercising its discretion, the court may consider (1) whether the party who failed to disclose intended to mislead; and (2) whether the aggrieved party was surprised and would be prejudiced by the admission of expert testimony. *State v. LaBrutto*, [114 *N.J.* 187, 205, 553 *A.2d* 335 (1989) ]; *see also* Pressler & Verniero, *Current N.J. Court Rules*, Comment to *R.* 3:13–3 (2011) ("The State's failure to comply with the requirement . . . will not preclude the testimony if defendant is not thereby prejudiced."). "Prejudice" in this context refers not to the impact of the testimony itself, but the aggrieved party's inability to contest the testimony because of late notice.
> [*State v. Heisler*, 422 *N.J.Super.* 399, 415, 29 *A.3d* 320 (App.Div.2011) (second alteration in original).]

It is evident here that the prosecutor did not intend to mislead defendant. She thought the document in question was on the website and apparently overlooked the need to have a witness to authenticate the documents. Defendant does not argue that the State intended to mislead him by not providing all of the discovery timely. He also makes no significant argument of prejudice. Accordingly, we determine that the Law Division judge did not abuse his discretion in allowing the officer to testify nor by admitting the late-supplied document into evidence.[8] We do not

---

[8] We note that if the prosecutor in a particular town or vicinage repeatedly fails to provide complete discovery, the Presiding Judge of the Municipal Courts

intend by this discussion to imply that a decision to preclude this evidence would have been an abuse of discretion if there was an indication of prejudice to the defense. *See, e.g., State v. Marshall,* 123 *N.J.* 1, 130, 586 *A.*2d 85 (1991), *cert. denied,* 507 *U.S.* 929, 113 *S.Ct.* 1306, 122 *L.Ed.*2d 694 (1993) (finding no error in precluding a defense witness not on the witness list from testifying mid-trial because the prosecutor would not have had time to locate a rebuttal witness).

Affirmed.

---

or the Assignment Judge could take appropriate action to enforce the discovery rules.