**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2204-20

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DUKE DUGUAY,

 Defendant-Appellant.

_____

Submitted January 19, 2022 – Decided February 1, 2022

Before Judges Rothstadt and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Municipal Appeal No. E194341.

The Hernandez Law Firm, PC, attorneys for appellant (Thomas Cannavo, of counsel and on the brief).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Patrick L. Harty, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Duke Duguay appeals from a March 29, 2021 order finding him guilty of driving while intoxicated (DWI), N.J.S.A. 39:4-50, after a de novo review of his municipal appeal by a Law Division judge. We affirm.

On June 15, 2019, after drinking at least six beers, defendant decided to drive his car and got into an accident with another vehicle. The police officers arriving at the accident scene suspected defendant of DWI and performed several field sobriety tests. Defendant failed the field sobriety tests and an Alcotest performed at the police station.[1] As a result, the police charged defendant with DWI and other motor vehicle violations.

Defendant retained an attorney and counsel requested discovery from the municipal prosecutor, including "[a] copy of video and audio recordings in DVD or CD-[r]om format, of MVR, station house (including booking room, holding cell, breath test room, etc.)." Counsel also asked the municipal prosecutor to preserve the police department's videotape of defendant during the booking process.

After receiving discovery from the municipal prosecutor, defendant's attorney noticed the State produced only sixteen minutes of the total twenty-

---

[1] Based on the Alcotest results, defendant had a blood alcohol content of .31, more than three times the legal driving limit.

minute observation period associated with defendant's booking process. According to the Alcotest operator, tape of the missing four minutes of the booking procedure existed. In July 2019, defense counsel requested the missing four minutes of videotape from the municipal prosecutor. On October 7, 2019, the prosecutor informed defendant's attorney the missing four-minutes from defendant's booking room video were no longer available.

The DWI trial was adjourned several times. Due to COVID and the suspension of municipal court trials, the May 15, 2020 trial was adjourned and no new date was assigned.

On August 11, 2020, defendant's attorney filed a motion to exclude the Alcotest results and dismiss the case based on a violation of defendant's right to a speedy trial. During oral argument, the municipal prosecutor explained the confusion regarding the missing four minutes of videotape. According to the municipal prosecutor, in July 2019, an officer at the police station said there was video footage of defendant in the booking room. Thereafter, a lieutenant confirmed video footage was available and obtainable. Three months later, the municipal prosecutor learned the officers were misinformed and the footage was no longer available.

A-2204-20

The municipal court judge heard the arguments of counsel on the pending motions. After applying the factors in Barker v. Wingo, 407 U.S. 514, 530 (1972), the judge denied defendant's motion to dismiss the matter on speedy trial grounds because the delays were reasonable and defendant was not prejudiced by the delays. The judge also denied defendant's motions to dismiss the DWI charge, exclude the Alcotest results, or allow an adverse inference against the State based on the failure to preserve evidence. The judge found no evidence the State acted in bad faith. Additionally, the judge concluded the partial loss of videotape evidence was immaterial because the State produced sixteen minutes of videotape and defendant suffered no prejudice as a result of the missing four minutes of video footage.

After the municipal court judge denied the motions, defendant entered a conditional guilty plea to the DWI charge, preserving his right to appeal the judge's orders denying his pretrial motions. The municipal court judge sentenced defendant to loss of driving privileges for nine months, twelve hours at the Intoxication Drivers' Resource Center, installation of an ignition interlock device to run concurrent suspension of defendant's driver's license, and various monetary fines and assessments. The municipal court judge stayed suspension

4

of defendant's license and installation of an ignition interlock device pending his appeal to the Superior Court, Law Division.

On March 12, 2021, the Law Division judge heard argument on defendant's motions on the municipal appeal. In a March 29, 2021 order, the Law Division judge denied defendant's speedy trial motion and dismissal motion. The Law Division judge noted there were multiple reasons for the trial delay, including reasons attributable to defendant and his counsel. Moreover, the judge determined defendant suffered no prejudice because the municipal court judge stayed defendant's sentence pending appeal to the Superior Court.

Additionally, the Law Division judge found no evidence the State engaged in bad faith by not producing four minutes of the videotape evidence. The judge held the State made good faith and genuine efforts to locate the missing four minutes of videotape. He concluded there was no evidence the State intentionally, deliberately, or purposefully destroyed four minutes of the station house booking room video. Further, the Law Division judge held "there is no suggestion . . . the four minutes of the booking room observation . . .would have gleaned any exculpatory evidence or compelling evidence whatsoever . . . ." On the motion for an adverse inference based on the failure to preserve evidence,

5

the Law Division judge made "the very same findings of fact and conclusions of law as [the municipal court judge]."

The Law Division judge imposed the same sentence and monetary penalties as the municipal court judge. He also stayed suspension of defendant's driver's license and installation of an ignition interlock devices pending appeal to this court.

On appeal, defendant raises the following arguments:

POINT I

THE LAW DIVISION ERRED IN DENYING THE SPEEDY TRIAL DISMISSAL MOTION.

POINT II

THE LAW DIVISION ERRED IN FAILING TO DISMISS THE DWI OR EXCLUDE EVIDENCE DUE TO DELIBERATE DESTRUCTION OF THE DWI VIDEO EVIDENCE SHOWING PART OF THE TWENTY-MINUTE OBSERVATION PERIOD.

A. The police conduct of not preserving the in-station booking room video after it was requested without justification constitutes prima facie or sufficient evidence of "bad faith" requiring dismissal of the DWI, or exclusion of the breath test results.

B. If "bad faith" is not found, this court should nevertheless find a due process spoliation of evidence violation based on the State Constitution and fundamental fairness to defendant as expressed in the

A-2204-20

Arizona v. Youngblood concurring opinion of Justice Stevens and other jurisdictions.

POINT III

THE LAW DIVISION ERRED IN FAILING TO APPLY AN ADVERSE INFERENCE OR ANY REMEDY TO THE UNDISPUTED DISCOVERY VIOLATION DUE TO DESTRUCTION OF EVIDENCE.

On appeal from a municipal court to the Law Division, the standard of review is de novo on the record. Pressler and Verniero, Current N.J. Court Rules, cmt. 1.1 on R. 3:23-8 (2022). Our review of the findings of the municipal court and the Law Division "is exceedingly narrow." State v. Locurto, 157 N.J. 463, 470 (1999). Where the challenged decision turns exclusively on a legal issue, we review the matter de novo. State v. Stas, 212 N.J. 37, 49 (2012).

We first consider defendant's argument the Law Division judge erred in denying his motion to dismiss based on the State's violation of his right to a speedy trial. We disagree.

A determination by a trial judge whether defendant was deprived of his right to a speedy trial should not be overturned unless the decision is clearly erroneous. State v. Tsetsekas, 411 N.J. Super. 1, 10 (App. Div. 2009). Thus,

7

we will reverse only if the decision is shown to be so erroneous that no reasonable analysis could have produced it.

A defendant has a constitutional right to a speedy trial. U.S. Const. amend. VII; N.J. Const. art. I, ¶10. Courts determine whether the delay is reasonable using the four-factor test in Barker: length of delay, reason for the delay, defendant's assertion of his right, and prejudice to the defendant. 407 U.S. at 530; State v. Cahill, 213 N.J. 253, 258 (2013). None of the factors are determinative and the absence of one or some does not mean the right has not been violated. Cahill, 213 N.J. at 267.

While the State concedes defendant asserted his right to a speedy trial, we agree with the Law Division judge that defendant failed to satisfy the other Barker factors in support of his speedy trial motion.

There is no bright light cutoff or mathematical formula for calculating an unreasonable delay and courts must balance the factors in deciding speedy trial applications. Barker, 407 U.S. at 530. New Jersey courts have held that delays longer than the sixty-day goal for disposition of DWI cases[2] were reasonable. See, e.g., State v. Szima, 70 N.J. 196 (1976) (concluding a twenty-two-month

---

[2] See Supreme Court Directive #1-84, Directive on Statewide Backlog Reduction, issued July 26, 1984.

delay was not unreasonable); State v. Fulford, 349 N.J. Super. 183, 195 (App. Div. 2002) (upholding denial of defendant's speedy trial motion despite thirty-two month delay attributable to the State where the delay benefited defendant by allowing him to retain his driver's license); State v. Prickett, 240 N.J. Super. 139, 141 (App. Div. 1990) (affirming Law Division judge's denial of speedy trial motion in a DWI case where the trial occurred more than six months after arrest through no fault of defendant).

While the delay in this case was fifteen months, the length of the delay alone does not control the analysis and we must consider the other Barker factors. Defendant argued the trial delay caused him to suffer prejudice based on the prolonged anxiety associated with the possibility of losing his driving privileges. The municipal judge found no prejudice because "[v]irtually[] every defendant must live with the uncertainty, embarrassment, anxiety, and suspense of the pending prosecution . . . ." The municipal court judge found no evidence the trial delay hampered defendant's ability to mount a proper defense. Further, the reason for the delay related in part to the State's efforts to locate the missing four minutes of booking room videotape as requested by defense counsel as well as the suspension of in-personal trials due to the COVID pandemic.

A-2204-20

The Law Division judge reached the same conclusion. He found the trial delay resulted in no prejudice to defendant because the municipal court judge granted defendant's request for a stay of the sentence. He also concluded the delay was partially caused by the State's good faith efforts to provide the missing four minutes of the booking video. Additionally, the Law Division judge determined the length of the delay was reasonable based on the suspension of trials due to the COVID pandemic and defendant's reluctance to appear in-person for the DWI trial despite the safety protocols implemented by the municipal court.

Having reviewed the record, we agree that the Barker factors weighed in favor of the State and supported denial of defendant's speedy trial motion. Considering the overall length of the delay (fifteen months), the legitimate reasons for the delay, and the lack of prejudice to defendant, there was no violation of defendant's constitutional right to a speedy trial.

We next address defendant's argument that the Law Division judge erred in denying his dismissal motion or, alternatively, failing to exclude the videotape evidence because the police failed to preserve the entire twenty minutes of the in-station booking room video. We disagree.

Under Brady v. Maryland, 373 U.S. 83 (1963), the State violates a defendant's due process rights if it withholds exculpatory evidence. See State v. Carrero, 428 N.J. Super. 495, 515-16 (App. Div. 2012). However, where the State fails to preserve potentially useful evidence, a defendant is required to demonstrate the police acted in bad faith to establish a due process violation. Arizona v. Youngblood, 488 U.S. 51, 57-58 (1988); see also State v. Reynolds, 124 N.J. 559, 569 (1991) (adopting this standard in New Jersey).

"Without bad faith on the part of the State, 'failure to preserve potentially useful evidence does not constitute a denial of due process of law.'" George v. City of Newark, 384 N.J. Super. 232, 243 (App. Div. 2006) (quoting Youngblood, 488 U.S. at 57). Where evidence has been destroyed, the court must focus on "(1) whether there was bad faith or connivance on the part of the government, (2) whether the evidence . . . was sufficiently material to the defense, [and] (3) whether [the] defendant was prejudiced by the loss or destruction of the evidence." State v. Hollander, 201 N.J. Super. 453, 479 (App. Div. 1985) (citations omitted).

Defendant cites several out-of-state cases in support of dispensing with the bad faith analysis. However, our Supreme Court follows the bad faith requirement under Youngblood. See State v. Marshall, 123 N.J. 1, 109 (1999)

11

(declining to follow other jurisdictions that have determined proof of bad faith is not required). We are bound by the decisions of our Supreme Court.

The municipal court and Law Division judges concluded the State's failure to preserve four-minutes of video did not amount to bad faith. The judges determined the State made good faith efforts to locate the missing minutes of videotape based on mistaken information provided by two officers at the police station. Defendant failed to demonstrate the loss of the four minutes of videotape was intentional. Moreover, the State produced sixteen minutes of the twenty-minute booking videotape, and defendant failed to articulate how the missing four minutes would have revealed exculpatory evidence in his DWI case.

Here, there is no evidence the State knowingly destroyed the footage. Nor did defendant demonstrate the missing four minutes were favorable or material to his defense. Further, defendant proffered no evidence the missing four minutes differed in any meaningful way from the existing sixteen minutes of footage produced by the State. Consequently, the record in this case is bereft of any evidence the missing four minutes of video footage were exculpatory under Brady. Thus, we are satisfied the defendant's due process rights were not

violated based on the State's failure to preserve four minutes of the twenty minutes of the booking video.

We next consider defendant's argument the municipal court and Law Division judges erred in failing to sanction the State for a discovery violation based on the destruction of four minutes of videotape evidence. Again, we disagree.

It is well settled that courts have discretion regarding the imposition of sanctions. See State v. Richardson, 452 N.J. Super. 124, 137 (App. Div. 2017) (citing State v. Dabas, 215 N.J. 114, 141 (2013)) ("We recognize that trial courts are vested with the discretion to fashion an appropriate sanction for a violation of discovery obligations."). "A trial court's resolution of a discovery issue is entitled to substantial deference and will not be overturned absent an abuse of discretion." State v. Stein, 225 N.J. 582, 593 (2016).

The rules governing discovery in municipal courts provide municipal court judges with discretion in reviewing a party's failure to comply with discovery. See R. 7:7-7(j) (providing that where a party fails to comply with discovery, "the court may . . . enter such other order as it deems appropriate."); see also State v. Wolfe, 431 N.J. Super. 356, 363 (App. Div. 2013) (allowing municipal courts broad discretion in deciding appropriate sanctions, if any, for

the failure to provide discovery). Further, the discretionary nature of sanctions for discovery violations is supported by our decision in Richardson, where we held the trier of fact may draw an adverse inference against the State for the destruction of evidence, but the trier of fact was not required to do so. Richardson, 452 N.J. Super. at 136, n.5.

In reviewing the applicable court rules and case law, the municipal court and Law Division judges determined the missing four-minutes of the twenty-minute booking video did not warrant the drastic and severe remedy of excluding the videotape evidence or drawing an adverse inference against the State. On this record, we are satisfied both judge judges did not abuse their discretion in declining to sanction the State for the missing four minute of the booking video.

We affirm defendant's conviction and vacate the stay of the sentence. We direct defendant, within fifteen days of the issuance of this opinion, to surrender his driver's license to the Lawrence Township Municipal Court and comply with the remaining terms and conditions of the sentence imposed by the Law Division judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14